FRANKLIN HANKS v. FLORENCE C. CROSBY AND W. T. CROSBY.

(Case No. 1860.)

1. HOMESTEAD — ADMINISTRATOR — LIMITATION.— Community property, occupied as a homestead at the time of the husband's death, was afterwards sold by the wife during the minority of their only child; administration was taken out on the estate, and more than ten years after, suit was brought by the child against the purchaser from her mother. *Held*, that the only cases in which it has been decided that the statute of limitations ran against a minor *cestui que trust*, in favor of a stranger, have been those in which the legal title to the property was vested in the trustee. Williams *v.* Otey, 8 Humph., 569; Smilie *v.* Biffle, 2 Barr, 52. On the death of the husband the legal title to the homestead vested in the wife and child, and the administrator had no right or control over it as part of the assets held by him for purposes of administration. Sossaman *v.* Powell, 21 Tex., 664; O'Docherty *v.* McGloin, 25 Tex., 72.

APPEAL from Anderson. Tried below before the Hon. F. A. Williams.

The opinion states the case.

*Thos. B. Greenwood*, for appellant, cited: Pasch. Dig., art. 4607; Thomas *v.* Brooks, 6 Tex., 372; Gunter *v.* Fox, 51 Tex., 388; Burdett *v.* Haley, 51 Tex., 542; Zacharie *v.* Waldrom, 56 Tex., 116; Rindge *v.* Oliphint, 62 Tex., 682; Darnall *v.* Adams, 13 B. Mon., 273; Tyler on Infancy, etc., p. 171.

No briefs on file for appellees.

STAYTON, ASSOCIATE JUSTICE.— The property in controversy belonged to the community estate of James and Emeline Cates, who were the parents of Mrs. Crosby, she being their only child, and it was the homestead of the family at the time of the death of James Cates, who died December 5, 1865.

The appellant claims title through a conveyance made by Emeline Cates after the death of her husband, but there are no facts shown which would have empowered her to sell the property.

At the time Mrs. Cates sold the property the appellee was a minor, five or six years of age, and she so continued until the time of her marriage, which occurred on April 18, 1880.

The appellant claims title by limitation, and contends that the statute of limitation ran against the appellee, notwithstanding her minority; and so, for the reason that administration on the estate of James Cates was taken out May 14, 1867, after which time it is

claimed that the administrator might have brought suit for the property, and that therefore limitation ran against the minor.

It is not necessary, in this case, to inquire in what cases limitation will run against a minor, if at all, where the title to the property in controversy is vested in a trustee; for it is too evident, the property being the homestead of the family at the time of the death of James Cates, that the administrator had no right or control over it as a part of the assets held by him for the purposes of administration. Sossaman v. Powell, 21 Tex., 664; O'Docherty v. McGloin, 25 Tex., 72.

At the death of James Cates, the title to the property vested in his wife and child, and was not subject to administration, and the administrator had neither the legal title to the property, nor the right to control it as assets of the estate.

Such interest as an administrator has in the property of the estate which he represents is only a qualified interest, commensurate with his duties properly to administer the assets liable to the payment of debts.

Cases in which it has been held that the statute of limitations would run against a minor *cestui que trust*, in favor of a stranger, are cases in which the legal title to the property was vested in the trustee. Williams v. Otey, 8 Humph., 569; Smilie v. Biffle, 2 Barr, 52.

No such case is presented by the record before us, and the case of Lacy v. Williams, 8 Tex., 188, seems conclusive of the question.

The appellant having acquired title to one-half of the land, through the conveyance made by Mrs. Emeline Cates, the court below correctly entered judgment in favor of the appellee for one-half of the land, with directions that she be placed in possession of the land to hold in common with the appellant.

There was no prayer for partition. There is no error in the judgment of which the appellant can complain, and it is affirmed.

AFFIRMED.

[Opinion delivered October 13, 1885.]