### V. WIESS ET AL. v. A. F. GOODHUE ET AL.

#### No. 1356.   Decided November 28, 1904.

**1.—Limitation—Trustee—Disability of Beneficiary.**

When the legal title to property is vested in a trustee an action for its recovery by the beneficiaries is barred when limitation has barred suit by the trustee, though they were under the disability of minority. (Pp. 279, 280.)

**2.—Limitation—Community Property—Heirs.**

Heirs of the mother's community estate hold legal title as tenants in common and can assert minority to avoid the bar of limitation against their interest so acquired, though the apparent legal title of record stands in the name of their surviving father. (P. 280.)

**3.—Legal Title—Will.**

The will of a deceased wife bequeathed one-half her estate to the husband; one-half to the children equally, with power to the husband, to make partition, at his discretion as to time; the husband was made independent executor, without bond, with power to control, exchange, convey and invest; and provision was made for the support of the husband for life out of the estate if the half given him should not be adequate therefor. Held that the legal title to half the property vested in the children, and not in the surviving parent in trust for them, and limitation did not run against those who were minors, though action by the father was barred. (Pp. 280-283.)

**4.—Same—Cases Distinguished.**

Dulin v. Moore, 96 Texas, 135, and McMurray v. Stanley, 69 Texas, 227, distinguished from this case. (Pp. 282, 283.)

Error to the Court of Civil Appeals for the First District, in an appeal from Jefferson County.

Wiess and others sued Goodhue and others for the recovery of land. Defendants had judgment which was affirmed on appeal by plaintiffs, who thereupon obtained writ of error.

*F. J. & R. C. Duff* and *A. L. Davis,* for plaintiffs in error *(Jackson, Hightower & Lipscomb* and *O'Brien, John & O'Brien* were on brief in Court of Civil Appeals).—Limitation does not run against the interest of the minor children of a married woman who has devised a portion of her community interest to said minor children notwithstanding the deed conveying the property originally conveyed the same to the husband.   Duncan v. Rawls, 16 Texas, 478; Yancy v. Batte, 48 Texas, 46; Thompson v. Cragg, 24 Texas, 582; Magee. v. Rice, 37 Texas, 502; Collins v. McCarty, 68 Texas, 150; Lacy v. Williams, 8 Texas, 182; Hanks v. Crosby, 64 Texas, 483; Matthews v. Darnell, 65 S. W. Rep., 890; McAdams v. McAdams, 10 Texas Civ. App., 654; Galveston, etc., Ry. Co. v. Washington, 63 S. W. Rep., 540; Ewing v. Shannahan, 20 S. W. Rep., 1066; Wilson v. Louisville Trust Co., 44 S. W. Rep., 121.

Whatever title was owned by Mrs. Mary E. Wiess, whether legal or equitable, in the property, passed under the terms of her will in fee simple, one-half thereof to her husband, V. Wiess, and the other one-half to her three children above named.   McMurry v. Stanley, 69 Texas, 232.

While it now seems established law that the wife's estate in community property conveyed by deed to the husband, is equitable, the earlier decisions of the Supreme Court of this State did not so hold, and it was never intended to extend this doctrine so far that the minor children of the wife, inheriting from the wife or being devisees under her will, should be counted as cestues qui trustent or the holding of such a mere equitable title so that a mere trespasser going into possession of community property after the death of the wife, the husband holding the required title failing to institute suit within the requisite time, the minor heirs or devisees of the wife should be barred as to their interest in the property.   Patty v. Middleton, 82 Texas, 593; Kirby v. Moody, 84 Texas, 203; Johnson v. Harrison, 48 Texas, 257; Duncan v. Rawls, 16 Texas, 505; Thompson v. Cragg, 24 Texas, 602; Edwards v. Brown, 68 Texas, 337.

In all cases where it has been held that the equitable estate is barred if the legal estate is barred, the holder of the legal estate is holding for the use and benefit of the holders of the equitable estate, and his title is such that he, in his own right or by virtue of such title, is authorized to maintain suit against one in adverse possession upon the entire title against such person holding adverse possession.   Such is not the attitude of minor heirs or devisees of the wife as to her interest in community property; and in fact the Supreme Court of the State, in first establishing the doctrine that the equitable title was barred, specifically limited the doctrine then laid down by them to the facts of the case before them. Collins v. McCarty, 68 Texas, 150.

The sufficiency of the possession of the defendants to constitute limitation was a question of fact to be passed on by the jury, and was actively controverted by the plaintiffs by their pleadings as well as by their testimony.   Under these circumstances it was error for the court to invade

the province of the jury and instruct the jury to return a verdict on this issue for the defendants. ·

Whatever title was owned by Mrs. Mary E. Wiess, whether legal or equitable, in the property passed under the terms of her will in fee simple, one-half to her husband, V. Wiess, and the other one-half to her three children above named. Cleveland v. Cleveland, 89 Texas, 449; McMurry v. Stanley, 69 Texas, 232; Hanks v. Crossby, 64 Texas, 483.

Limitation does not run against the interest of the minor children of a married woman who has devised a portion of her community interest to said minor children notwithstanding the deed conveying the property originally conveyed the same to the husband. Sayles' Civ. Stats., arts. 3343, 3352; Lacy v. Williams, 8 Texas, 188; Hanks v. Crosby, 64 Texas, 483; Stovall v. Carmichael, 52 Texas, 390; Gentry v. Collins, 1 Posey, Texas U. C., 726; Williams v. Otey, 47 Am. Dec., 637; Coleman v. Walker, 77 Am. Dec., 166; Collins v. Loftus, 34 Am. Dec., 724.

*Greer & Minor,* for defendants in error.—The property in controversy was purchased in the name of V. Wiess during the coverture between himself and Mary E. Wiess. Therefore the legal title, by virtue of the deed to V. Wiess, was vested in him, and only an equitable title in his wife, Mary E. Wiess, and she could only devise such estate as she had; hence, the legal title being in V. Wiess by virtue of the deed itself, with the power conferred on him by the will to manage, control and dispose of the property, he was in the same status and relation to the property after the death of Mary E. Wiess as before. Edwards v. Brown, 68 Texas, 329; Paty v. Middleton, 82 Texas, 594; Kircher v. Murray, 60 Fed. Rep., 52; West v. Keeton, 17 Texas Civ. App., 142.

However, even if Mary E. Wiess had such estate in the land in controversy as she could devise a legal title to, she, by her will, vested in her husband, V. Wiess, as executor, the legal title to her entire estate, subject to certain charges and trusts, as follows: 1. The entirety was charged with the support of V. Wiess during his life, and the support of the children until they arrived at age. 2. As to the half thereof referred to in Item 3, devised directly to V. Wiess, he was placed in "absolute and fee simple ownership," subject only to the limitation and trust that whatever was left at his death in kind, or value, if any, went in shares of equal value to the children. 3. As to the other half, referred to in Item 4, the trust was fixed and charged thereon, that the portion left after supporting the husband during his life (if he chose to hold it together so long for his support) or so long as he willed, and the children until they arrived at age, should go to the children, and deeds or bills of sale should be made by V. Wiess, executor, passing the legal title to the children or either of them, at such time as he saw proper to partition among the children, or to deliver to either of them his or her share, free from the further burden of supporting him during his life, and the children during their minority, and free from his control,

etc. McMurray v. Stanley, 69 Texas, 234; Dulin v. Ladewig, 73 Texas, 40; Danish v. Disbrow, 51 Texas, 240; Matthews v. Darnell, 65 S. W. Rep., 891; 2 Jarman on Wills, 1131, 1144, 1154, 1155; Wood v. Mistretta, 20 Texas Civ. App. 241.

The evidence in this case establishes beyond and without controversy title under the ten years statute of limitations as to all the land in controversy; because ten years' adverse occupancy accrued in favor of the appellees and against V. Wiess, both in his individual capacity and as trustee under the will, holding the legal title to the property in controversy; and since he held the legal title and was himself barred, there was no error in the court, title by limitation being established without contradiction, to instruct a verdict of the jury in favor of the defendants. Wood on Limitations, sec. 208; Hanks v. Crosby, 64 Texas, 484; Collins v. McCarty, 68 Texas, 152; McAdams v. McAdams, 10 Texas Civ. App., 654; Dulin v. Moore, 70 S. W. Rep., 742; Patty v. Middleton, 82 Texas, 594; Sanborn v. Schuler, 86 Texas, 117; Edwards v. Brown, 68 Texas, 329; Kircher v. Murray, 60 Fed. Rep., 52; Matthews v. Darnell, 65 S. W. Rep., 890; Wilson v. Louisville Trust Co., 44 S. W. Rep., 121; Bryan v. Weems, 65 Am. Dec., 407; Mason v. Mason, 83 Am. Dec., 172; Miles v. Thorne, 99 Am. Dec. (see note on p. 398).

Our courts have held that even though an administrator is negligent for a sufficient period to give title by limitation against him, still the minor heirs are not barred, the reason being that an administrator is not vested with legal title; but a distinction is drawn between a trustee under a deed or under a will, vested with legal title, and an administrator without a legal title; in that a trustee, under a deed or a will—which is but a deed that takes effect after the testator is dead—being vested with legal title, and being barred, the heirs, though minors themselves, are likewise barred. Collins v. McCarty, 68 Texas, 152; Chubb v. Johnson, 11 Texas, 474; Hank v. Crosby, 64 Texas, 484.

Adverse possession and occupancy on the part of the defendants is shown by the evidence in this case beyond controversy and without contradiction to have accrued and run for a much greater period than ten years, as against V. Wiess in his individual capacity and as holder as trustee of the legal title for his children. Therefore, title by statute of limitations for ten years is complete, as against both V. Wiess and his said children, and the court did not err in so instructing the jury.

BROWN, ASSOCIATE JUSTICE.—From the opinion of the Court of Civil Appeals we make the following extract:

"V. Wiess, Percy H. Wiess and Ruth Wiess brought this suit August 31, 1900, in trespass to try title for the recovery of a small tract of land situated in the city of Beaumont.

"The defendants answered by plea of not guilty and sought to interpose the bar of limitation of three, five and ten years.

"Plaintiffs Ruth and Percy Wiess pleaded the disability of minority, in response to which defendants averred by supplemental answer that if the two last named plaintiffs had any title to the property they acquired it as legatees under the will of their deceased mother, under which the legal title to the whole estate devised was vested in their father, the appellant V. Wiess, in trust for them, whereby the statute ran against such title in V. Wiess so as to bar the beneficiaries.

"When the facts were heard upon the trial the court instructed the jury to return a verdict for defendants, which was done and judgment entered accordingly.

"V. Wiess and Mary E. Wiess were husband and wife and the parents of Ruth and Percy Wiess and Jessie Wiess, now deceased.

"The property in controversy and that adjacent thereto was acquired by V. Wiess by purchase during the life of his wife and was a part of the community estate at the date of her death, which occurred on September 8, 1879. The three children above named survived her, but Jessie died in 1880, intestate, and the three plaintiffs acquired by inheritance whatever interest she had in the property in controversy.

"Mrs. Wiess died testate and her will was thereafter duly probated and her husband qualified as executor and accepted the trust. Its material provisions so far as the questions in this case are concerned are as follows:

"'Item 3. I will and bequeath one equal half of my estate, real, personal, mixed, in possession, expectancy, reversion, remainder or of inheritance in excess of the payment of my debts as aforesaid, and what may be requisite and used for the proper and comfortable maintenance and support of my dearly beloved husband, Valentine Wiess, during his lifetime, should he survive me, to my beloved husband, Valentine Wiess, he to have and to exercise all the rights of absolute and fee simple ownership of said half and to bargain, sell, convey, release, trade or exchange the same to the extent he may see fit, during his lifetime, but with remainder, in kind or value, if any, of said estate, to our beloved children now born or to be born to us hereafter, in shares of equal value and as nearly as practicable equal in kind at his death.

"'Item 4. I will and bequeath the other equal half of all my estate aforesaid, in excess of, as aforesaid, to our beloved children now born or to be born of our said marriage, or to be hereafter in shares of equal value, and as nearly as practicable the same in kind, the stock, horses, and cattle, if any, to be divided between and among my said children and husband as aforesaid in the branding of the calves and colts annually as they accrue to my estate; provided, however, that during the lifetime of my beloved husband, nothing shall be done, any provision in this will appearing to the contrary, notwithstanding, to divert or endanger the provision which is hereby made for his comfortable maintenance and support, as also my beloved children, should they survive me, until my children are of age. And provided furthermore, that dur-

ing the lifetime of my beloved husband, if he should survive me, he alone shall exercise his discretion as to the time when my estate or any part thereof shall be partitioned among and delivered to my children, or either or any of them, then his certificate of partition, deed or bill of sale in partition, to be final therein. And in the event the said husband should not survive me, or should not effect such partition or partitions and delivery during his lifetime, then it is my will and pleasure that my children shall take, have and hold equally, share and share alike, all of my estate, in excess of the payments of my debts, their shares respectively to be valued and set apart to them, in that event, by my beloved brothers, Mark Wiess and William Wiess, their acknowledged deeds, or bills of sale in partition, by virtue hereof to be final herein.

"'Item 5. I hereby nominate, constitute and appoint my beloved husband, Valentine Wiess, and in the event of his death, before the full execution of this will, then my beloved brothers-in-law, Mark and William Wiess, as executors of this my last will and testament, and it is my will and pleasure that my husband during his lifetime, and my said brothers-in-law, in the event of his death, or either of them surviving, shall exercise full care, management, control and supervision of my estate until this will is fully executed, with full power to bargain, sell, convey, exchange, lease, release, deed, collect, receive, keep or invest the same or any part thereof, as in their discretion, subject to the law, may be deemed to its best interest, and to make, execute any and all deeds or instruments of writing necessary to carry out the above powers and to confirm thereunder, that the same powers shall be exercised for myself, my executor or executors as guardian or guardians of my grandchildren's persons and estates until they shall become of age, and my entire estate disposed of under this will, that they shall have the control, care and custody of their persons and estates, and the supervision of their education, which I desire should be as liberal and thorough as their circumstances will admit of. It is also my will and pleasure that my said executor or executors shall not be required, as such or as guardians, to give bond or security herein, that no action shall be had in any court of probate jurisdiction in relation to the settlement of my estate, or its management other than the probating and registration of my will and the return of any inventory of my estate, and that my executors shall exercise any and all powers which are necessary to the performance of those hereby expressly delegated.'

"We hold that title by limitation of ten years is established beyond controversy as against V. Wiess, and this disposes of the assignment questioning the action of the court in assuming the fact to be established."

If V. Wiess had the legal title to the land in controversy, and if the facts are such that an action by him was barred by the statute of limitations, this action by the minor children was barred notwithstanding

their disability. Hanks v. Crosby, 64 Texas, 483; Collins v. McCarty, 68 Texas, 150. In the case last cited Chief Justice Willie said: "It is almost universally held that when suit by the trustee is barred, the right of the cestui que trust to sue is also gone, though he may have been under disability at the time the cause of action arose."

Defendant in error claims that V. Wiess had the legal title to the land sued for: (1) because it was the community property of himself and his deceased wife; (2) by the terms of the will of Mrs. Wiess the legal title to the land was conferred upon V. Wiess as trustee for the minor children.

If there had been no will upon the death of Mrs. Wiess the community estate would have vested one-half in her husband and the other half in their children. Rev. Stats., art. 1696; Hanks v. Crosby, 64 Texas, 483. The husband and children would have held as tenants in common. Rowland v. Murphy, 66 Texas, 535. Without administration or qualification as survivor, Wiess would have had no power over the interest of the children, except that which would arise by reason of the analogy to a partnership estate, or as a tenant in common. Whatever may be the character of title of the husband in community property while the wife lives, he has not the legal title with the powers incident thereto after her death.

To determine the character of title that the will of Mrs. Wiess vested in the children to the portion bequeathed to them, we must ascertain the intention of the testatrix by considering the whole instrument. Cleveland v. Cleveland, 89 Texas, 449; McMurry v. Stanley, 69 Texas, 227. The third item of the will bequeathed to V. Wiess one-half of the estate of the testatrix with powers and qualifications not necessary to mention here. The fourth item contains this language: "I will and bequeath the other equal half of all my estate aforesaid, in excess of, as aforesaid, to our beloved children now born or to be born of our said marriage." The intention to confer the legal title upon the children is further shown by this stipulation: "The stock, horses and cattle, if any, to be divided between and among my said children and husband as aforesaid in the branding of the calves and colts annually as they accrue to my estate." If the legal title was to be vested in V. Wiess to all of the horses, stock and cattle, it would not have been necessary to provide for a partition between him and his minor children. But it was a wise provision if it was intended that he should have the powers of an executor or guardian as subsequent parts of the will show to have been the purpose. Those provisions clearly confer the legal title to the one-half of the estate upon the children and must be given effect, unless other provisions in the will clearly indicate an intention to the contrary.

The honorable Court of Civil Appeals bases its conclusion that the legal title was vested in V. Wiess mainly upon these grounds: (1) That provision is made for the support of V. Wiess, which is to continue during his life; (2) that such powers of disposition and control of the prop-

erty are given to V. Weiss as would require for their execution that he have the legal title; and (3) that the time of partition is left entirely to his discretion.

The provision for the support and maintenance of V. Wiess out of the half of the estate devised to the children can only be arrived at by inference from very obscure language; that is, that the bequest was made "of the other half of my estate aforesaid, in excess of, as aforesaid;" and again, "that during the lifetime of my beloved husband nothing shall be done, any provision in this will appearing to the contrary notwithstanding, to divert or endanger the provision which is hereby made for his comfortable maintenance and support." That is, the bequest to the children was made subject to these exceptions in the third item of the will: "I will and bequeath one-half of all my estate, * * * in excess of the payment of my debts as aforesaid, and what may be requisite and used for the proper and comfortable maintenance and support of my dearly beloved husband, Valentine Wiess, during his lifetime." These stipulations for support, if chargeable upon the estate of the children in the first instance, would not constitute title to the property. Rose v. Eaton, 77 Mich., 247. The power to sell and consume the portion given to him indicates that V. Wiess was to have his support out of that half, if it was sufficient, and the provision quoted from the fourth item shows that it was the intention of the testatrix to charge the support of her husband upon the whole estate, if the half given to him should not be adequate. The property bequeathed to the children could not be sold for the support of V. Wiess; no such power is given. The provision for the husband is not inconsistent with the existence of the legal title in the children. Rose v. Eaton, before cited.

The authority given to V. Wiess to dispose of and sell the property bequeathed to him is expressed in the following terms: "To have and exercise all the rights of absolute and fee simple ownership of the said half and to bargain, sell, convey, lease, release, trade or exchange the same to the extent he may see fit during his lifetime, but with remainder in kind or value, if any, of said estate to our said beloved children." The power to sell, convey, exchange, etc., so as to consume the property, is here distinctly limited to the half which was devised to V. Wiess, and that power can not be attributed to the portion of the estate which was given to the children. In item 5, V. Wiess is nominated to be executor without bond and without control of the court; full power and control is given over the estate until the will is fully executed, "with full power to bargain, sell, convey, exchange, lease, release, deed, collect, receive, keep or invest the same or any part thereof, as in their discretion subject to the law, may be deemed to its best interest." It will be observed that there is this difference in the powers given in the third and fifth items: In the first it is unlimited and is to be exercised for the benefit of V. Wiess himself, going to the length that he may at his own discretion sell, convey and so use as to abso-

lutely consume the estate, but in item 5, wherein is set forth the powers that apply to the portion given to the minors, are to be exercised "subject to the law and for the best interest of the estate." This power of disposition as it applies to that portion bequeathed to the minors is not inconsistent with the existence of the legal title in them, and was not such absolute power and control over the property as would constitute a legal title in the trustee. We call attention to the fact that in case of V. Wiess' death the powers enumerated in item 5 are conferred upon Mark and William Wiess as fully as they are upon Valentine Wiess. It can not be claimed that the legal title would have vested in Mark and William Wiess had they become executors. The powers granted to the executors as such are shown to be consistent with the interest of the minors by these stipulations in the will: "That the same power shall be exercised for myself, my executor or executors as guardian or guardians of my children's persons and estates until they shall become of age, and my entire estate disposed of under this will. That they shall have the control, care and custody of their persons and estates, and the supervision of their education, which I desire should be as liberal and thorough as their circumstances will admit of." The effect of this language is to place the executor in the attitude of guardian of the persons and estates of the children, and the language, "until they shall become of age," limits the powers conferred in item 5 as affects their interests to the time when they shall become of age. The will authorized the executors to do for the minors those things that they could not do for themselves, and limited the powers to their minority, which provision is consistent with that which vested the legal title in them.

The honorable Court of Civil Appeals relies upon the cases of Dulin v. Moore, 96 Texas, 135, and McMurry v. Stanley, 69 Texas, 227, to support its judgment in this case. This case is distinguishable from each of those cases in these respects. In Dulin v. Moore, the devisees could not possibly receive possession and control of the estate and had only the right to the income during their lives, but the trustee was charged with the duty of controlling the property for the benefit of the devisees so long as they should live. It is clear from these facts that Dulin v. Moore does not support the decision made in this case.

In the case of McMurry v. Stanley, before cited, the will gave to N. G. Bagley the property, with the following powers over it: "And that he shall have full power and control over the same to use and dispose of as he may desire." The fourth item of the will was in these words: "It is my will and desire that at his death, should he have any of said property remaining in his possession not disposed of or used by him, that the same shall be given by him to my nieces, Jessie McMurry and Flora Brown, daughters of Vina and Taylor Brown." The question was whether the nieces took any estate in the property at all, and Judge Stayton for the court said: "It is evident from an inspection of the will before us, that it was not the intention of the testatrix, by force

of the will alone, to vest in Jessie McMurry and Flora Brown a legal estate in remainder to be enjoyed by them after the termination of the life estate of N. G. Bagley." In that case there was no bequest made to Jessie McMurry and Flora Brown, and the only title that they could possibly have was to be derived through the action of N. G. Bagley; therefore the learned judge who delivered that opinion correctly stated that it was not the intention to vest them with title by the terms of the will alone, but that they must derive their rights from the act of N. G. Bagley. In this case the will in emphatic terms bequeaths to the children one-half of the estate, and prescribes that at the discretion of V. Wiess the property shall be partitioned between them and that his certificate or deed shall be sufficient to determine the rights of those parties. But the children did not derive their title from the act of V. Wiess; his power was simply to distribute what the will gave to them among them in equal proportions. That case is not analogous to this in this respect and, in our opinion, does not support the judgment of the Court of Civil Appeals.

V. Wiess had under the will of his wife no power of disposition or management of the property bequeathed to their minor children except that given in the fifth item of the will, which powers were limited to the minority of the children. The exercise of the authority conferred by the fourth item upon V. Wiess to partition the property with the discretion to determine when the division should be made did not require the existence of the legal title in him, therefore it was not inconsistent with the provisions of the will which conferred the legal title upon the children to one-half of the estate.

We conclude that the legal title to one-half of her estate was vested by the will of Mrs. Wiess in her children and that their action was not barred by the statute of limitations, and that the trial court erred in instructing a verdict for the defendants. It is ordered that the judgments of the District Court and the Court of Civil Appeals be reversed and that this cause be remanded.

*Reversed and remanded.*