**MASSENGALE v. BARNES et al.**

No. 10057.

Court of Civil Appeals of Texas. San Antonio.

May 19, 1937.

Rehearing Denied June 16, 1937.

Purl & Pearson and Joe P. Hatchitt, all of Corpus Christi, and J. R. Cade, of San Antonio, for appellant.

Hubbard, Dyer & Sorrell, of Corpus Christi, for appellees.

SLATTON, Justice.

This suit was instituted in the 117th district court of Nueces county, on the 22d day of August, 1935, by Robert R. Massengale against Mrs. S. Luella Hardesty Young Barnes and George E. Barnes. The suit was for debt and foreclosure of a vendor's lien promissory note executed by one of appellees on or about January 6, 1926, in the principal sum of $1,000. At the time of executing said note Mrs. S. Luella Hardesty Young Barnes was a widow and later married George E. Barnes. It was agreed by all parties that the property involved in the suit was the separate property of Mrs. Barnes, and that her husband, George E. Barnes, had permanently abandoned her. The cause was dismissed as to George E. Barnes, and the judgment of the trial court was in favor of Mrs. S. Luella Barnes.

The $1,000 note was given as a part of the purchase price of certain property in Robstown, Tex., fully described in appellant's pleadings. The original payee of the note was J. M. Thompson.

Robert R. Massengale was legally adjudged to be of unsound mind in the year 1923, and at that time S. M. Massengale was legally appointed guardian of his person and estate. On or about May 26, 1926, Robert R. Massengale, acting

through his legally appointed guardian, S. M. Massengale, purchased the $1,000 note sued on herein. The purchase was made under a court order authorizing him to do so; and the note was in the ordinary Texas vendor's lien form and bore 10 per cent. interest per annum. It was originally payable on January 6, 1927, but on January 25, 1930, the maturity date of said note was extended, by contract signed and acknowledged by the appellee and duly recorded, to January 1, 1931.

Robert R. Massengale continued to be a person of unsound mind until on or about October 31, 1933, at which time he became sane and was so adjudged by the county court of Nueces county, Tex., and his disabilities were removed and the guardianship dissolved. S. M. Massengale acted as the guardian for Robert R. Massengale continuously from the time of his appointment, on or about May 26, 1923, up to October 31, 1933.

The trial was to the court and after due hearing the trial court sustained the appellee's plea of the four-year statute of limitation, on the theory that the legal title to the promissory note was in the guardian of Robert R. Massengale, and therefore the statute was applicable.

The appellant brings the case here for review on the single proposition that the court erred in sustaining the appellee's plea of the four-year statute of limitation (Rev.St.1925, art. 5527).

The facts in this case are undisputed. Both parties to the appeal agree that the sole question involved in this case is whether or not the statute of limitation ran against the cause of action of Robert R. Massengale, while he was a non compos mentis and had a duly appointed guardian.

The parties have not cited a single case, nor have we been able to find one, where the precise question has been determined by an appellate court in this state. We are left, then, to determine the question on our own conclusion; with the decided analogous cases to aid us in arriving at a correct conclusion.

■ It has been the rule in this state from an early day that, where the legal title to property is vested in a trustee for the benefit of another, limitation will run against such trustee in favor of an adverse claimant in possession; when the bar of the statute is complete against the legal title vested in the trustee, it applies also to the equitable title of the cestui que trust. Collins v. McCarty, 68 Tex. 150, 3 S.W. 730, 731, 2 Am.St.Rep. 475.

■ And in the same case, while it may be said that it was not necessary to the decision, the great Chief Justice Willie used this language: "It cannot affect the rights of a person laboring under disabilities when the cause of action arose, if, at that time, the legal title existed in him, though the control of the property was intrusted to another; nor to a case where the cause of action arose from any breach of trust on the part of the trustee other than the mere failure to sue within the period of limitation."

■ In applying the rule that the statute of limitation runs against the holder of the equitable title as well as against the holder of the legal title, where the legal title is vested in a trustee for the benefit of another, the appellate courts of this state have zealously limited the doctrine to those holding the equitable title where the legal title is held by a trustee.

■ In the case of Belt v. Cetti, 100 Tex. 92, 93 S.W. 1000, 1003, the Supreme Court say: "This court has recognized the general rule that where trustee holds the legal title to property and permits the statute of limitations to run against his right of action so that he is barred, the beneficiaries of the trust are thereby likewise barred. Collins v. McCarty, 68 Tex. [150] 153, 3 S.W. 730, 2 Am.St.Rep. 475. But it is undoubtedly true, as we have before shown, that an administrator upon the estate of a deceased person does not take the legal title to the property of the estate, the legal title being vested in the heirs subject to the payment of debts, therefore the rule stated does not apply to administrators. J. J. Roche, as the administrator of the estate of Thos. and Mary A. Roche, deceased, had the right to sue upon the bond, therefore was barred of his right of action within four years from the date of his qualification as administrator, but under the law of this state, the fact that the administrator is barred does not operate to defeat the action by the heirs themselves. Collins v. McCarty, supra; Lacy v. Williams [8 Tex. 182]; Wiess v. Goodhue, 98 Tex. 274, 83 S.W. 178; Ladd v. Jackson, 43 Ga. 288."

And further in the opinion Chief Justice Brown quotes from Lacy v. Williams,

supra, as follows: "It is, however, contended that as the rights of the minors could have been sued for sooner, therefore the statute ought to commence running when the suit could have been commenced. To this it is sufficient answer to say that the exception in their favor in the statute contains no such qualification."

See, also, Wiess v. Goodhue, supra.

 ▪ Our first question then to determine is, who holds the legal title to the property purchased by the guardian of the person and estate of Robert R. Massengale, that is, the note in suit? In the recent case of our Supreme Court, styled Neblett v. Valentino, 92 S.W.(2d) 432, 434, the court, speaking through Mr. Commissioner Smedley, said: "It is settled that the powers and obligations of a guardian are similar to those of a trustee, with the distinction that the guardian does not have title to the ward's property, but has only its custody and management. Collins v. McCarty, 68 Tex. 150, 153, 3 S.W. 730, 2 Am.St.Rep. 475; Shaw v. Dalston (Tex. Civ.App.) 18 S.W.(2d) 215 (application for writ of error refused); Texas Utilities Co. v. West (Tex.Civ.App.) 59 S.W.(2d) 459 (application for writ of error refused); 21 Tex.Jur. p. 389, § 118; 28 C.J. 1128. It is because of this distinction that the rule which bars the equitable title of the cestui que trust when the legal title held by the trustee is barred has no application to suits by or for the ward. Title being in the ward and he being under disability of minority, limitation does not run against him. Article 5535, R.S.1925; Collins v. McCarty, supra; Belt v. Cetti, 100 Tex. 92, 93 S.W. 1000; Wiess v. Goodhue, 98 Tex. 274, 83 S.W. 178; United States Fidelity & Guaranty Co. v. Adoue & Lobit, 104 Tex. 379, 137 S.W. 648, 138 S.W. 383, 37 L.R.A.(N.S.) 409, Ann.Cas. 1914B, 667; Fidelity & Deposit Company v. Risien (Tex.Civ.App.) 284 S.W. 977, 979; Brown v. Midland National Bank (Tex.Civ.App.) 268 S.W. 226 (application for writ of error refused)."

The legal title to the note sued on being in the non compos mentis ward, the statute did not begin to run against him until his disabilities were removed. See 6 A.L.R. p. 1689 for a brief review of the annotated cases in the jurisdictions of the United States.

It follows, therefore, that the trial court was in error in sustaining the appellee's plea of limitation to the cause of action asserted by appellant, and for such reason the trial court's judgment will be here reversed and the cause remanded, with instructions to try the case in accordance with this opinion.