The STATE of Texas, Appellant,

v.

Comer WHITAKER, Guardian of the Estates of Charles W. Burrow, N.C.M., and James W. Burrow, N.C.M., Appellee.

No. 10–81–070–CV.

Court of Appeals of Texas, Waco.

July 29, 1982.

Mark White, Atty. Gen., Edward G. Garvey, Asst. Atty. Gen., James T. Herod, Claims Rep. Supervisor, Austin, Robert A. Jircik, Claims Representative, Texas Dept. of Mental Health & Mental Retardation, Houston, for appellant.

Irving Lou Bates, Houston, for appellee.

## OPINION

CHASE, Justice.

In December 1977 Muriel Valerie Burrow died in Harris County, Texas leaving a will in which she named Appellee, Comer Whitaker as Executor and as Guardian of the person and estate of her two sons, Charles W. Burrow and James W. Burrow. Both of her sons are non compos mentis and are residents of the Mexia State School, a residential care facility for the mentally retarded operated by the Department of Mental Health and Mental Retardation of the State of Texas. The will also directed the Appellee as executor to establish a trust with a corpus of $7,500.00 to be used for the specific purpose of paying for the last rites and interment of the two non compos mentis sons.

A policy of insurance on the life of the testatrix named as beneficiary the Appellee as Guardian of the Estates of the two non compos sons. The $27,000.00 proceeds of the life insurance policy together with some funds from the Veterans Administration constituted the entire estate of the two non compos sons. Appellee qualified as guardian of the two non compos sons in the Probate Court of Harris County, Texas and filed an inventory.

The State of Texas brought suit on Sworn Account seeking to recover expenses incurred in the care, support and maintenance of the non compos sons under the terms of article 5547–300 Sec. 61(b) V.A. T.S.

The court entered summary judgment against the Appellee in the amount of $25,-650.66 together with costs, and when such judgment was not paid, the State moved the court to require the Appellee to make payment. Appellee answered this motion with a Bill of Review setting forth numerous grounds, the pertinent one of which is, that the corpus of the estates of the two non compos sons is a trust as contemplated in article 5547–300 Sec. 61(g) V.A.T.S., and, as such, is exempt from liability for their support and maintenance.

Article 5547–300 Sec. 61(b) provides in part as follows: "... the mentally retarded person and his estate shall be liable for his support and maintenance regardless of his age, except as provided in subsection (g) of this section."

Subsection (g) provides as follows: "For the purpose of this subchapter no portion of the corpus or income of a trust or trusts, with an aggregate principal amount not to exceed $50,000.00, of which a mentally retarded person is a beneficiary, shall be considered to be the property of such mentally retarded person or his estate, and no portion of the corpus or income of such trust shall be liable for the support and maintenance of such mentally retarded person regardless of his age."

The court after a hearing allowed the Bill of Review, set aside the summary judgment and entered judgment that the State take nothing. One conclusion of law and six findings of fact were filed, the pertinent one of which is number 3, which reads: "The corpus of the estate of the Wards was derived from Insurance Policies on the life of the mother, and $7,500.00 of such corpus was specifically set aside in a single purpose trust to pay for the last rites for the Wards."

The conclusion of law states "The corpus of the Estates of Charles W. Burrow, N.C.M. and James W. Burrow, N.C.M. is a trust as is contemplated by the Legislature of the State of Texas in article 5547–300, section 61(a)–61(g) Texas Revised Civil Statutes."

The State of Texas appealed charging, (1) "The trial court erred in concluding, as a matter of law, that the corpus of the estates of Charles W. Burrow, N.C.M., and James W. Burrow, N.C.M., is a trust as is contemplated by the Legislature of the State of Texas in article 5547–300, section 61(a)–61(g) Texas Revised Civil Statutes"; and (2) ". . . . finding, as a matter of fact, that the $7,500.00 of the corpus of the estate of the wards was specifically set aside in a single purpose trust to pay for the last rites for the wards."

■ Funds belonging to a non compos mentis person held by a testamentarily named, and legally appointed, guardian do not constitute the corpus of the trust, and the guardian does not assume the role of a trustee. As stated in Restatement of the Law Second, Trusts, Volume 1 page 22 "a guardianship is not a trust."

While there is a similarity between the two, in that there exists a fiduciary relationship between the guardian and the ward and the trustee and the beneficiary, the two are not the same. Texas courts have pointed out the principle distinction as being that the guardian does not have title to the ward's property but only the management thereof, whereas the trustee has the legal title to the property and the beneficiary holds only the equitable title. *Neblett v. Valentino*, Tex., 92 S.W.2d 432.

Texas courts have also refused to apply the statute of limitations in cases involving a guardianship since the property is that of the minor against whom the statute of limitations does not run, but has applied the statute of limitations to the trustee even though the beneficiary was a minor since the legal title to the property is in the trustee. *Massengale v. Barnes*, Tex.Civ. App., 106 S.W.2d 368.

■ The Legislature in enacting subsection 61(b) of article 5547–300 obviously intended to provide for recovery of the cost of support and maintenance of a non compos mentis person by subjecting his estate to liability therefor. To hold that the corpus of such estate in the hands of a legally appointed guardian was a trust so as to invoke the provisions of section 61(g) and thereby exempt it from liability, would be to defeat the provisions of section 61(b). We hold that such was not the intention of the Legislature.

■ Appellant contends that we must look to the four corners of the testatrix's will to determine if a trust was established by implication.

In Paragraph IV of the testatrix's will she created a trust for the support and maintenance of her two non compos mentis sons and named as trustee the Texas National Bank of Commerce. Paragraph VI names Appellee guardian of the person only of the sons.

By codicil to the will the testatrix revoked Paragraph IV, which created the express trust, and also revoked Paragraph VI appointing Appellee guardian of the person only, and named him instead, guardian of the person and the estate of the non compos sons.

From this action it can only be inferred that the testatrix had no intention of creating a trust for the support of her sons, but preferred that the estate of the non compos sons be held by the Appellee as guardian. Our belief that she understood the effect of her actions is further strengthened by the direction in the codicil to the Appellee to establish an express trust providing a $7500.00 fund for the burial of the two non compos sons.

We, therefore, hold that the trial court erred in concluding as a matter of law that the corpus of the estates of Charles W. Burrow, N.C.M. and James W. Burrow, N.C.M. is a trust as contemplated by article 5547–300 section 61(g) Texas Revised Civil Statutes and we sustain Appellant's point number one.

■ Without question the testatrix established an expressed trust for the single purpose of providing for the last rites of her two non compos sons. However, the trial court erred in holding that the $7,500.00 needed to fund the trust was to come from the corpus of the estate of Appellee's wards.

The testatrix's will did not provide any specific source from which this trust should be funded, and therefore, it must come out of the corpus of her estate.

The proceeds of the insurance policy on the testatrix's life, being payable directly to the Appellee's ward, never became a part of the testatrix's estate, but always was the separate estate of the non compos sons. There is no evidence in the record to indicate that there was a change of beneficiary under the life insurance policy so as to make it a part of the testatrix's estate. 18 Tex.Jur.2d p. 379.

We sustain Appellant's point two and hold that the $7,500.00 needed to fund the corpus of the trust for the sole benefit of providing the last rites of the non compos sons must come from the probate estate of the testatrix and not from the estates of the non compos sons in the hands of the Appellee as guardian.

The judgment of the trial court dated May 7, 1981 is reversed and set aside and we here render judgment for the Appellant by reinstating the summary judgment dated May 7, 1980.

Costs of this appeal are hereby taxed against the Appellee.