### NEBLETT v. VALENTINO et al.
### No. 9770.

Court of Civil Appeals of Texas. Galveston.
Nov. 17, 1932.

Dissenting Opinion Dec. 8, 1932.

Rehearing Denied Jan. 5, 1933.

W. P. Neblett and Walter F. Brown, both of Houston, for appellant.

Fred W. Moore, of Houston, for appellees.

LANE, J.

The plaintiffs substantially allege in their petition and the undisputed facts show that: Mrs. Lillian Gordon Morse died, leaving a will which was duly probated, by which she bequeathed to Annie Lee Johnson, a minor, lots Nos. 5, 6, and one-half of 4, in block 2, in

the Allen addition to the city of Houston, together with all improvements thereon.

Such bequest was made subject to the payment of all indebtedness resting against such property. By the terms of said will Mrs. Valentino was designated as testamentary guardian without bond of Annie Lee Johnson. Later, on November 28, 1924, Mrs. Valentino legally qualified as guardian of the estate of Annie Lee Johnson, who was her daughter.

At the time of the death of Mrs. Morse, Mrs. Betty Miller held an unsatisfied deed of trust lien against the property bequeathed to Annie Lee Johnson. In such deed of trust W. P. Neblett was named as trustee.

On the 16th day of September, 1924, Mrs. Miller by her trustee and attorney, W. P. Neblett, brought suit No. 113249 upon the indebtedness secured by such deed of trust against K. C. Barkley, independent executor of the will of Mrs. Morse, deceased, and against Mrs. Valentino, individually and as guardian of Annie Lee Johnson, J. A. Valentino, husband of Mrs. Valentino, was made a party defendant pro forma, and Cicero A. Marmon, Annie Lee Johnson, and W. P. Neblett, trustee, were also made parties.

While such suit was pending to wit, on the 1st day of October, 1924, an instrument was prepared with the understanding that it was to be executed by Mrs. Lillian Valentino, guardian of the estate of Annie Lee Johnson, minor, joined by her husband, J. A. Valentino, on the one side, and by W. P. Neblett on the other. The agreement as contemplated was drawn as follows:

"This agreement made and entered into this the 1st day of October, A. D. 1924, by and between Mrs. Lillian Valentino, Guardian of the Estate of Annie Lee Johnson, Minor, and Mrs. Lillian Valentino, joined by her husband, J. A. Valentino, and W. P. Neblett: Witnesseth:

"W. P. Neblett agrees to pay the sum of Two Thousand Seven Hundred ($2,700.00) Dollars for lots Five (5), Six (6) and one-half (1/2) of lot Four (4) in block Two (2) in Outlot No. Sixteen (16) of the Allen Addition to the City of Houston, Harris County, Texas, at such time as the title to said property shall be perfected, that is to say:

"Mr. and Mrs. Valentino will execute their deed to said property in addition to a contemplated deed from the sheriff of Harris County, Texas, in cause No. 113,249 now pending in the 61st District Court of Harris County, Texas, wherein Mrs. Betty W. Miller is the plaintiff and Mrs. Valentino, et al. are the defendants, it being intended that that property shall bring the sum of Two Thousand Seven Hundred ($2,700.00) Dollars so that after Mrs. Miller is paid for said note and the costs of suit and sale are taken out, and all taxes now due on or against said property,

except the 1924 taxes which shall be pro-rated, and all water bills now against the property, which now amount to One Hundred and Five & 45/100 ($105.45) Dollars, have been paid, the total amount of all of said indebtedness against the said property now being as follows:

| | |
|---|---|
| Mrs. Miller's note and interest amounting to about | $ 960.16 |
| Costs of court approximately | 12.00 |
| Water bill | 105.45 |
| State and County taxes | 96.17 |
| City taxes | 225.37 |
| Making a total of | $1398.99 |

"But this sum is approximate, as there may be some variation, but whatever the indebtedness against the said property is on the day of sale under execution Mrs. Valentino, Guardian, is to and shall have the remainder deducted from Two Thousand Six Hundred ($2,600.00) Dollars, the Two Thousand Seven Hundred ($2,700.00) Dollars including One Hundred ($100.00) Dollars for W. P. Neblett, as commission.

"Witness our hands at Houston, Texas, this the 1st day of October, A. D. 1924."

The instrument was signed by Mrs. Valentino individually, and by W. P. Neblett only, and not by J. A. Valentino.

The deed mentioned in the instrument above set out was never executed by Mr. and Mrs. Valentino.

After the failure of the parties to execute the deed as contemplated, Mrs. Miller, on the 15th day of November, 1924, took judgment in suit No. 113249 for the sum of $952.78 against Mrs. Lillian Valentino, guardian of Annie Lee Johnson, a minor, and Annie Lee Johnson, and also for the further sum of $95.27 attorney's fees, a total sum of $1,048.05, and the lien securing such indebtedness was foreclosed on the lots hereinbefore described. The property was seized and sold by the sheriff of Harris county, under an execution and order of sale issued upon said judgment in manner and form as required by law, to Mrs. Betty Miller for the sum of $1,169.49, said sum being the amount due on the judgment and costs of sale. The sheriff by his deed conveyed the property to Mrs. Miller on the 5th day of March, 1925.

After the sale of the property to Mrs. Miller by the sheriff on March 3, 1925, and on the same day after such sale was made, one W. B. Washam, acting for Mrs. Miller, intending to carry out the terms of the agreement signed by Mrs. Valentino and Neblett, placed in the hands of W. P. Neblett $1,580.91 for the benefit of Annie Lee Johnson, less certain sums to be paid out of the same, which reduced the same to $971.13. At the time Washam delivered the $1,580.91 to Neblett, he instructed Neblett that the balance thereof, after pay-ing charges against the property sold, was to be handled by him for the benefit of the minor, Annie Lee Johnson, and was to be paid to her guardian when said guardian made bond.

Notwithstanding the contemplated deed was not executed by Mrs. Valentino and husband, Washam for Mrs. Miller placed in the hands of Neblett the sum of money above mentioned to be used by him in trust for Annie Lee Johnson, as evidenced by the fact that Washam consented to, and acquiesced in, the act of Neblett in purchasing a certain lot in the city of Houston for Annie Lee Johnson six months after the money was placed in Neblett's hands, for which he paid about two-thirds of the money intrusted to him by Washam for said Annie Lee Johnson, Neblett having the deed made to himself as trustee for Annie Lee Johnson. The balance, or about one-third, of said money, was deposited by Neblett with his own funds in the Union National Bank of Houston, where all of it has been so kept since so deposited, except a small sum paid for taxes due on the lot purchased by him.

Mrs. Lillian Valentino, as guardian of the estate of Annie Lee Johnson, joined pro forma by her husband, J. A. Valentino, brought this suit against W. P. Neblett to recover the sum of $1,250, with interest thereon, for Annie Lee Johnson, or in the alternative for the sum of $971.76.

Plaintiffs substantially allege that, while the suit of Mrs. Miller was pending, Mrs. Valentino saw W. P. Neblett, attorney for Mrs. Miller and the trustee named in the deed of trust above mentioned, and told him that a party had offered to pay all the debts resting against the property and pay to Annie Lee Johnson $1,200, for said property; that thereupon said Neblett asked Mrs. Valentino to let the Miller suit proceed to judgment and let the property be sold under such judgment so title to the property could pass to Mrs. Miller under the sheriff's deed; that he promised her that, if she would agree to the request made, he would furnish a purchaser who would bid at the sheriff's sale a sufficient amount to pay off the Miller judgment, costs, taxes, etc., and the further sum of $1,250 for the benefit of Annie Lee Johnson; that to evidence such agreement said Neblett, on the 1st day of October, 1924, prepared the written contract signed by Mrs. Valentino and Neblett above set out; that by virtue of said contract there was due Annie Lee Johnson $971.76. They allege the due appointment and qualification of Mrs. Valentino as guardian of the estate of Annie Lee Johnson.

Pleading further plaintiffs alleged: "That plaintiff was induced to agree to said judgment foreclosing said lien on the property, hereinbefore described, and the sale of same, and refrained from bidding at said sale, and refrained from procuring a purchaser to bid in said property at said sale because of the false and fraudulent representation and prom-

ise of defendant that he would pay $1,250.00 to said minor upon the consummation of said sale; that at the time of making said representation and promise the said William P. Neblett had no intention of fulfilling same but made such representation and promise with the intent to deceive plaintiff and said minor and did so deceive and defraud them failing and refusing to pay said sum, or any part thereof; that plaintiff could have sold said property (as defendant well knew) for $3,000.-00 as hereinbefore set out, less taxes and water bills 'due in the sum of $558.75, and the amount of said judgment and costs, to-wit: $1,169.49, leaving a balance due unto said minor of $1,-271.76, and consequently said minor has been damaged by reason of defendant's said fraud and deceit in the sum of $1,271.76."

Their prayer was for $971.76 by virtue of the contract signed by Neblett and Mrs. Valentino, with interest thereon, or in the alternative for judgment against Neblett for the money paid at the foreclosure sale, over and above the amount of the judgment of Mrs. Miller and the costs in said suit, or in the alternative for judgment against Neblett by reason of the fraud practiced by him as above alleged in the sum of $1,271.76, and for general relief.

Defendant answered by a general demurrer and numerous exceptions to the plaintiffs' petition, all of which were properly overruled. He also pleaded a general denial, the two and four-year statutes of limitation, and averred that, if there ever existed a contract between defendant and Mrs. Valentino, the same was breached by plaintiffs by their refusal to perform same; that is, J. A. Valentino refused to sign same and it was abandoned by all parties.

By supplemental petition plaintiffs allege that they have at all times been ready and willing to execute the deed referred to in the contract by and between Mrs. Valentino and W. P. Neblett, of date October 1, 1924.

The case was tried before a jury upon special issues, in answer to which they found that Mrs. Lillian Valentino and W. P. Neblett did not agree at the time the contract of date October 1, 1924, was signed, that Neblett signed the contract only on condition that same would not become binding upon Neblett unless and until it had been signed by J. A. Valentino and returned to Neblett; that, when Washam gave Neblett his check for $1,580.91, he did not instruct Neblett that the balance of such sum, after paying charges against the property, was to be handled by Neblett for the benefit of Annie Lee Johnson only as he, Neblett, thought it should be handled or invested; that at such time Washam did instruct Neblett that the balance of such funds, after paying charges against the property, was to go to Annie Lee Johnson and to be paid to her guardian when said guardian made bond; that W. P. Neblett promised Mrs.

Valentino about October 1, 1924, to pay to her $1,250 for the benefit of Annie Lee Johnson upon the consummation of the sheriff's sale of the property; that W. P. Neblett never applied any part of the $1,580.91 to his own use and benefit.

Upon such findings and the evidence, the court rendered judgment in favor of Mrs. Lillian Valentino, guardian for Annie Lee Johnson, against W. P. Neblett for the sum of $971.-13, with interest thereon at the rate of 6 per cent. per annum from the 3d day of March, 1925, and for costs of suit.

The effect of appellant's complaints of the judgment entered are: That the court erred in rendering a judgment against defendant, because there was neither pleading nor evidence to support a finding that the instrument signed by Mrs. Valentino and defendant of date October 1, 1924, became a valid contract binding defendant, and there was no finding of the jury that it did so become; that there was no evidence to support the finding of the jury which we have stated above, and no finding by the trial judge by which the judgment rendered was authorized; that there was no evidence showing that defendant received any money from Washam as trustee for Annie Lee Johnson; that the undisputed evidence shows that, if plaintiffs ever had a cause of action on the alleged contract, it was barred by the four-year statute of limitation (Vernon's Ann. Civ. St. art. 5527).

The majority of this court thinks that all of the contentions so made by appellant should be overruled.

It is shown that, pending the suit of Mrs. Miller mentioned in our preliminary statement, Mrs. Valentino was trying to secure a purchaser for the property on which Mrs. Miller had a deed of trust lien so as to prevent a sale thereof by virtue of any execution and order of sale which might be issued upon any judgment that Mrs. Miller might recover subjecting such property to sale. Mrs. Valentino, guardian for Annie Lee Johnson, testified that on or about the 1st of October, 1924, she called on appellant, who was the attorney for Mrs. Miller, and the trustee named in the deed of trust mentioned, for the purpose of procuring a refinance of the debt owing to Mrs. Miller; that she told appellant that she had a party who desired to purchase the property and who would pay therefor a sum largely in excess of Mrs. Miller's claim, and that appellant told her that he would pay her $2,700 for the property and that, by the time she furnished her proposed purchaser an abstract of title, his, appellant's, offer would be the best for her; that appellant got the amount of the taxes due on the property and other things, figured them up, and said: "I will give you $1,250.00 after the sheriff's sale, if I get it"; that she agreed to accept appellant's offer and the contract mentioned was prepared and signed by her and ap-

pellant; that by reason of such contract she was prevented from selling the property to another person who offered her $3,000 therefor; that she told appellant of such offer and asked him to release her from the contract signed by her and him, and he refused to release her; that, after the property was sold by the sheriff, she called upon appellant three or four times for the money he had promised to pay her and he refused to give her the money, saying that he had taken the money in trust and that as she did not qualify according to his agreement he would not give it to her; that she told him that she had been appointed and qualified as guardian of the estate of Annie Lee Johnson, but he still refused to give her the money; that she had given bond as such guardian at the time she asked appellant for the money; that appellant told her that it was not necessary for her husband to sign the contract of October 1, 1924.

Appellant, Neblett, testified that Mrs. Valentino had asked him many times for the money placed in his hands by Mr. Washam, and that he had refused to give it to her, that he told her that he could not give it to her as it was not his money. He testified that Washam gave the money to him for Annie Lee Johnson and he could not give it to Mrs. Valentino, because he was holding it as a trust fund to protect Annie Lee Johnson's interest in the property sold by the sheriff; that Washam instructed him to buy the lot he purchased for the minor. He further testified that in handling the money placed in his hands by Washam he was acting as a trustee; that Washam told him to invest it for the child; that he offered to return the money to Washam, and he said: "Neblett, you find a way for that child to have that money and be protected; you keep it."

W. B. Washam, among other things, testified that it was understood that he was to give a certain sum for the property and that he gave Neblett the sum agreed upon with the understanding that the excess over and above the sum due Mrs. Miller was to go to the child (Annie Lee Johnson); that he directed Neblett to put the title to the property in good shape and pay such excess to the child; that is to pay off everything in good shape and give the balance to the child, to handle the balance for the child as he thought best until Mrs. Valentino gave bond; that he thought that ordinarily she would make bond.

▆▆▆ The majority have reached the conclusion that the evidence conclusively shows that the funds sued for were placed in the hands of Neblett to be held as trustee for Annie Lee Johnson and that such trust was not to end until the money might be paid to Mrs. Valentino, after she had qualified as guardian by executing the required bond; that at the time this suit was filed Neblett still held said money as trustee for the benefit of the child, who at all times was laboring under the disabilities of a minor against whom limitation did not run. Article 5535, Vernon's Annotated Civil Statutes 1925.

In section 118, p. 389, vol. 21, Texas Jurisprudence, it is said that "it has been said, referring to guardian and ward, that when the right of action of a trustee, vested with legal title and competent to sue, becomes barred, the right of the cestui que trust is also barred. But this rule has no application when the legal title is vested in the cestui who labors under the disability of minority. In such case the statute of limitations does not run against him although it may have run against the trustee. The rule that limitation will not run in favor of a trustee as against the cestui que trust until the trustee disavows the trust and the beneficiary has notice thereof, or until the trust is legally terminated, applies to the relationship of guardian and ward."

For the reasons pointed out, the majority of this court have reached the conclusion that the judgment of the trial court should in all things be affirmed, and it is accordingly so ordered.

Chief Justice PLEASANTS dissents, he having reached the conclusion that the claim sued for was barred by the four-year statute of limitation at the time this suit was filed.

Affirmed.

PLEASANTS, C. J. (dissenting).

Being unable to agree with my associates in the conclusion that the judgment of the trial court should be affirmed, I entered my dissent when the decision was announced. The ground of the dissent, as stated in the majority opinion, is that appellee's cause of action, if any she has, was barred by the four-year statute of limitation (Vernon's Ann. Civ. St. art. 5527) pleaded by appellant.

It seems clear to me that the suit as shown by the allegations of the petition and the entire record in the case is based upon the written contract which was executed on October 1, 1924, and as between the parties to this suit must be regarded as a valid and binding contract, both parties having so treated it and acted under it.

In pursuance of his obligations under this contract, appellant procured a purchaser for the property of the minor at the sum named in the contract, and Mrs. Valentino, in compliance with her obligations under the contract, refrained from bidding at the sale of the property and it was sold to the purchaser for the sum named in the contract, and the balance of the purchase money, after satisfying the amount due on the judgment under which the property was sold, and other charges set out in the contract, was paid by the brother and agent of the purchaser to appellant as the representative of the appellee guardian.

The amount so left in appellant's hands by Mr. Washam was $971.13. This money was received by appellant, under his contract with the guardian upon which her suit is based, on March 4, 1925. Appellee knew at the time or a few days thereafter that appellant, under his contract with her, had received this money, and demanded that he pay her as guardian the sum of $1,250, which she claimed was due her under her contract with appellant.

This suit was not filed until 1931. Appellant by exception and by special plea invoked the four-year statute of limitation in bar of plaintiff's cause of action.

I am unable to find in the record any ground for the holding that appellant can be denied the right to invoke this defensive plea. In its last analysis, the case is the same, in so far as the question of limitation is concerned, as any suit brought by a guardian upon a contract made by the guardian as such with a third party for the benefit of a minor. It goes without saying that, in the absence of fraud, the statutes of limitation are just as available in a suit by a guardian on a contract made by him as such as in the case of any other plaintiff. If a guardian contracts with an agent to sell property of his minor ward and such agent sells the property and fails to account to the guardian in accordance with the terms of his contract, a suit by the guardian against the agent, on the contract, would, in the absence of fraud, become barred by limitation just as any other suit to enforce a contract.

The jury in this case, as set out in the majority opinion, expressly found that appellant had not appropriated any part of the money received by him from Washam in the purchase of the property to his own use and benefit. They further expressly found that appellant had no intention at the time he made the contract sued on of not complying therewith. These findings acquit appellant of any charge of fraud in his transactions with appellee.

The labored effort to show by disconnected quotations from the statements of witnesses that the money paid to appellant by Washam was given him in trust for the appellee's minor ward, independent of the contract upon which appellee sued, and appellant thereby became an independent trustee of money received by him for the benefit of the ward, reminds one of the story of the old country doctor who was a specialist, or thought he was, in the cure of fits, and who not knowing how to cure a malady from which he found one of his patients suffering proceeded to throw the patient into fits so that the doctor could effect a cure. This method of treatment cannot, in my opinion, be successful in this case. The suit was brought on the contract, tried and substituted to the jury on the contract, and judgment rendered for the sum found due under the contract. There is no pleading, finding of the jury, or evidence to sustain any judgment other than a judgment based on appellant's breach of the contract on which the suit is brought. If the suit is not barred by limitation, the judgment cannot be affirmed on a theory not raised by the pleadings and the evidence.

From what is above written it is clear that in my opinion the plea of limitation should be sustained and the judgment reversed and judgment here rendered in favor of appellant.