Opinion delivered March 15, 1887.

---

No. 2296.

SUSAN H. COLLINS *v.* E. McCARTY ET AL.

1. LIMITATION.—When the legal title to land is vested in a trustee for the benefit of another, limitation will run against such trustee in favor of an adverse claimant in possession; when the bar of the statute is complete against the legal title vested in the trustee, it applies also to the equitable title of the *cestui que trust*, and this though the latter be a woman under coverture.
2. SAME.—The doctrine above announced is not applicable where a claim is set up through the trustee as against the *cestui que trust*, or against those claiming under the latter. Neither can it affect the rights of one laboring under disability when the cause of action arose, if at that time the legal title existed in him, though the control of the property was entrusted to another.
3. SAME.—If the cause of action arose from a breach of trust on the part of the trustee, other than his negligence in failing to sue within the period of limitation, then limitation would not run against the *cestui que trust*. In every case when loss results from the mere negligence of the trustee, the remedy of the *cestui que trust* is in an action against him.
4. CASES DISAPPROVED.—The doctrine announced regarding limitation in Bacon v. Gray, 23 Mississippi, disapproved.
5. CASES FOLLOWED.—The cases of Wingfield v. Virgin, 51 Georgia, 139, Williams v. Otey, 8 Humphreys, 563; Molton v. Henderson, 62 Alabama, 426; Smilie v. Biffle, 2 Pennsylvania State, 52, and other cases cited in the opinion regarding the effect of limitation on the mere equitable title; cited and followed.

APPEAL from Hood. Tried below before the Hon. T. L. Nugent.

*Cooper & Estes,* for appellant, cited Revised Statutes, article 3222, and 8 Texas, 182.

*A. W. DeBerry*, for appellee, on his proposition that since the trustee Mills held the legal title to the land and permitted it to be barred, the beneficiary, or holder of the equitable title, was also barred, notwithstanding her coverture, cited Hanks v. Crosby, 64 Texas, 483; Wait's Actions and Defenses, volume 7, pages 280, 281; Wood on Limitation of Actions, page 428, section 208, and authorities there cited; 36 American Decisions, page 68 in note to case of Moore v. Armstrong.

WILLIE, CHIEF JUSTICE.   This cause is submitted upon an agreed case.   It is an action of trespass to try title, brought by the appellant, Mrs. Collins, against several defendants, to recover two-thirds of one thousand two hundred and eighty acres of land, originally granted to Wiley V. Collins, as assignee of Stephen Wingate.   The pleas relied on by the defendants were the statutes of limitations of three and five years.   Judgment upon these pleas was rendered in favor of all the defendants but one, and from that judgment the plaintiff appeals.   The agreed case admits that the successful defendants fully established everything necessary to entitle them to recover under the five years plea, provided the statute could run during that time so as to bar a suit by Mrs. Collins for the land in controversy.   The appellant contends, however, that she was not barred, because, at the time the possession of the defendants under which they prescribe commenced, she was under the disability of coverture. The appellee replies that she was barred, notwithstanding the coverture, because, at the time the cause of action accrued, the legal title to the land was held by a trustee for the benefit of Mrs. Collins; that the statute commenced to run against him and completed its bar during his trusteeship, and limitations having run against him, it barred also all right of action on the part of his *cestui que trust*.   This issue between the parties presents the only question in the case.

The facts are that on the twenty-seventh day of April, 1858, Wiley V. Collins, the original patentee of the land, and then and still the husband of the appellant, made a conveyance of it to Albert N. Mills, in trust for the benefit of the appellant.   The deed recited that the grantor had used property of his wife to the value of two thousand five hundred dollars in payment of his individual debts, and that he wished to vest in her the land described as a compensation for the sum thus used, believing it to be worth about two thousand five hundred dollars; and, "as a

husband (could) can not convey directly to his wife," therefore he conveyed to said Mills the said land to hold in trust for the sole use and purpose of conveying the same to his said wife whenever she should request the same. The conveyance was made by the trustee to Mrs. Collins March 2, 1885, which was some months after the commencement of this suit.

That this conveyance vested the legal title in Mills for the sole use and benefit of Mrs. Collins can not be doubted, and it is also apparent from the agreement that everything necessary to complete the bar of the statute as against a person not under disability occurred during the time the legal title rested in him.

The question for decision in this cause is for the first time before this court, though it has been passed upon by the courts of many of our sister States, and their reports show great uniformity of decision upon the subject. It is almost universally held that when suit by the trustee is barred, the right of the *cestui que trust* to sue is also gone, though he may have been under disability at the time the cause of action arose. (Wingfield v. Virgin, 51 Georgia, 139; Wilmerding v. Russ, 33 Connecticut, 67; Williams v. Otey, 8 Humph., 563; Molton v. Henderson, 62 Alabama, 426; Smilie v. Biffle, 2 Pennsylvania State, 52; Long v. Cason, 4 Rich. Equity, 60; Crook v. Glenn, 30 Maryland, 56; Wood on Limitation, sec. 205.)

In Mississippi a contrary doctrine was announced in Bacon v. Gray, 23 Mississippi, 140, by a divided court, and has been adhered to ever since in that State. But one authority is cited in support of the views of the majority of the court in that case, viz., Allen v. Sayer, 2 Vernon, 368, and that decision seems in conflict with the views of the same court in the subsequent case of The Earl v. The Countess of Huntington, found referred to in a note to the case of Wych v. East India Company, 3 Peere Williams, 309. Whether the two cases can be reconciled or not upon the ground that they arose upon different facts, as has been attempted by some law writers, is not important, as the doctrine sought to be deduced from the case of Allen v. Sayer by the Mississippi court, has not met with the sanction of any other American court so far as we can discover. In some States, however, it is held that the suit of an heir or a ward will not be barred, though the administrator or guardian could not maintain the action by reason of the lapse of time. In others, these parties are placed upon a footing with trustees appointed by deed, and their failure to sue in proper time bars the right of

action in those whose property they are managing, though these be under disability.  In reference to this it is sufficient to say that in our own State it is held that the heir or ward under disability is not deprived of his action by any neglect on the part of the administrator or guardian to bring suit within due time. (Lacy v. Williams, 8 Texas, 182; Hanks v. Crosby, 64 Texas, 483.)

However much the courts of other States may differ upon this point, they have almost universally agreed that the position of a trustee under deed is different from that of a guardian or administrator, the trustee holding the legal whilst the *cestui que trust* holds the equitable title; whereas the heir or ward holds the legal title, subject only to the right of the administrator or guardian, to control the estate for the benefit of all parties interested in it or its administration.    (Wingfield v. Virgin, supra, Ladd v. Jackson, 43 Georgia, 288.)

This distinction is recognized by this court in the case of Hanks v. Crosby, though its sequence that the *cestui que trust* is barred when the trustee is barred, though an heir or ward could not be prejudiced by the laches of the administrator or guardian, is not authoritatively announced.

This would seem, however, to be a natural deduction; for, to debar the owner of the equitable title from a right of action, the legal title must be fully barred.    This can not be effected except through the laches of the one in whom that title is fully vested. The neglect of an administrator or guardian to bring suit in proper time, can not, therefore prejudice the title of the ward, or heir who is under disability, and against whom, therefore, the statute of limitations can not run.    But when the full legal title is vested in a trustee, to be held for the sole use and benefit of another, and subject to no other consideration except that it shall be conveyed to such other person on demand, when suit by the grantee is barred, the full legal title is barred, and, according to well established principles, the legal estate being barred, the equitable estate is also.    Whether there may not be sound reasons for an opposite doctrine, we shall not pause to consider. The principle seems thoroughly imbedded in the jurisprudence of this country; and being supported by reasoning which is persuasive of its correctness, we feel disposed to give it our sanction and keep within the line of the authorities.    But it can not be extended beyond the case made, and those to which the principles announced are precisely applicable.    It does not, of course,

apply to cases where a claim is set up through the trustee, as against the *cestui que trust*, or those claiming under the latter.

It can not affect the rights of a person laboring under disabilities when the cause of action arose, if, at that time, the legal title existed in him, though the control of the property was entrusted to another, nor to a case when the cause of action arose from any breach of trust on the part of the trustee other than the mere failure to sue within the period of limitation.

Other exceptions might be named, but it will be time enough to pass upon them when demanded by some case under decision.

Even as thus guarded, the doctrine may operate harshly upon parties peculiarly within the protection of courts of equity; but it is not the only case in which such parties are made to suffer from the neglect or misconduct of the trustee to whom their interests have been confided by persons seeking to provide for their welfare. But as was said in the case of Herndon v. Pratt, 6 Jones's Equity, 334: "If, by reason of neglect on the part of trustees, *cestuis que trust* lose the trust fund, the remedy is against the trustees, and if they are irresponsible it is the misfortune of the *cestuis que trust*, growing out of the want of forethought on the part of the maker of the trust under whom they claim."

We think the appellant's suit was, at the time it was begun, barred as to the parties in whose favor judgment was rendered below, and the judgment is affirmed.

*Affirmed.*