### AGNES BELT ET AL. v. ZANE CETTI ET AL.

#### No. 1560. Decided June 13, 1906.

**1.—Limitation—Community Property—Heirs—Administrator.**

After the death of one who had given bond to administer, as surviving husband, the community estate of himself and deceased wife, an administrator appointed for such community estate permitted his cause of action on the community bond given by the husband and sureties to become barred. Held, that this did not bar an action on the same by the heirs of the wife, against whom limitation had not run because they were minors. (Pp. 95–98.)

**2.—Same—Trustee—Legal Title.**

Legal title descended to the heirs on the death of their ancestor, subject to the right of administration, whether by a surviving husband under bond or an administrator; and the rule of limitation barring beneficiaries, where the prescribed time has run against a trustee holding the legal title, does not apply to them. (Pp. 95, 97.)

**3.—Case Distinguished.**

Richardson v. Vaughan, 86 Texas, 93, distinguished. (P. 97.)

Error to the Court of Civil Appeals for the Second District, in an appeal from Tarrant County.

Agnes Belt and others sued Zane Cetti and others and appealed from a judgment for defendants. On affirmance they obtained writ of error.

*Coke & Coke,* for plaintiffs in error.—Upon the death of Mary Roche the legal title to one-half of the community descended to plaintiffs (Rev. Stats., art. 1869; Wiess v. Goodhue, 98 Texas, 27), and this title, encumbered with a quasi lien in favor of creditors, if any (Blinn v. McDonald, 92 Texas, 608), remained in plaintiffs until divested by a conveyance from Thomas Roche (Rev. Stats., art. 2230; Faris v. Simpson, 69 S. W. Rep., 1029). The primary purpose of an administration is to enforce this lien in favor of creditors (Moore & Son v. Moore, 89 Texas, 33), and when the right to do so is lost by limitation, the legal title of the heirs ceases to be encumbered and may be asserted

by them regardless of the pendency of administration (Wier v. Mona-han, 67 Miss., 434; Lancey v. Foss, 88 Me., 218). So it is with the community bond, for it stands in the place of the community property (Brown v. Seaman, 65 Texas, 628; Graham v. Miller, 26 Texas Civ. App., 7), and secures to the heirs one-half of the estate after the discharge of the debts, no matter whether such discharge result from payment or the bar of limitation.

The suit on the bond by the plaintiffs is necessarily the assertion of a legal cause of action, not an equitable one or an equity. Therefore the bar of the statute as against administrator or guardian is not effective as against them. Lacy v. Williams, 8 Texas, 187; Hanks v. Crosby, 64 Texas, 484; Collins v. McCarty, 68 Texas, 152; Wiess v. Goodhue, 98 Texas, 274; Moore v. Wallis, 18 Ala., 458; State v. Parker, 8 Baxter, 498; Henley v. Robb, 7 S. W. Rep., 190; Wood on Limitation (3d ed.), secs. 208 and 238, and authorities cited.

*Orrick & Terrell, W. R. Sawyer, Tillman Smith* and *Jno. W. Wray,* for defendants in error.—The judgment of the court below was correct in any event, for that under the pleadings of the plaintiff and the agreed and undisputed facts no such showing was made as would support an action by the heirs, the plaintiffs in said suit, for an estate upon which administration was still pending, and against which there were existing debts. Cox v. Yeazel, 49 Neb., 348, 68 N. W. Rep., 485; Richardson v. Vaughan, 86 Texas, 93.

The judgment of the court below was correct in any event for that it appears from the admitted and undisputed facts that the cause of action herein sought to be enforced occurred more than four years before the institution of this suit and that this action is barred by the four year statute of limitation. Rindge v. Oliphint, 62 Texas, 682; Meeks v. Olpherts, 100 U. S., 564.

BROWN, ASSOCIATE JUSTICE.—In the year 1903 and prior to the 26th day of October of that year, Agnes Belt, with her husband, G. J. Belt, and Honora Sears joined by her husband, H. E. Sears, filed this suit in the District Court of Tarrant County against Zane Cetti, C. J. Swasey, E. W. Taylor and M. L. Lynch. Agnes Belt and Honora Sears alleged that they were the only children and heirs of their mother, Mary A. Roche, who died on the 16th day of August, 1889, leaving surviving her the plaintiffs and Thomas Roche her husband, the father of plaintiffs. Thomas and Mary A. Roche, at the death of the said Mary, had a large community estate which the said Thomas Roche took into his custody and charge under the law governing the administration of community estates by the survivor thereof, and the said Thomas Roche qualified as such community administrator and survivor by returning an inventory and giving a bond as required by law. It was alleged that the bond which was given in conformity to the law was signed by the defendants as sureties of said Thomas Roche. Thomas Roche died on the — day of July, 1891. During the time he had control and possession of the said community property, he squandered a large amount thereof and wholly failed to account to his children for

any portion of the said estate. The plaintiffs sued for their interest in the community property as the heirs at law of Mary A. Roche.

The defendants, among other things, pleaded that the cause of action, if any existed, was in favor of J. J. Roche, administrator of the estate of Thomas Roche, deceased, and if any cause of action ever existed in favor of plaintiffs against the defendants the same was barred by the statute of limitations of four years. The case was tried before the judge of the court, who filed the following conclusions of fact and law:

"1.    Thos. and Mary A. Roche were husband and wife on and prior to August 16, 1889, having been married for many years, and all of the property then owned by them or either of them was community property.

"2.    Mary A. Roche died on August 16, 1889.

"3.    Mary A. Roche left surviving her as her heirs her two daughters, Agnes and Honora, who were then minors about nine and eleven years of age respectively.

"4.    Agnes married G. J. Belt on the — day of — 1900 and Honora married —— Sears on the — day of —— 1902, and together they are plaintiffs herein.

"5.    On the death of Mary A. Roche her husband, Thos. Roche, father of said Agnes and Honora applied to the County Court of Tarrant County, a court having jurisdiction of the matter, to qualify as survivor of the community and on the — day of —— 1889, said Thos. Roche did in said court duly and legally qualify as such survivor.

"6.    Said Thos. Roche executed his bond as survivor and qualified as such on the — day of ——, 1889, which bond was a statutory one and was signed by the defendants herein, to-wit: Zane Cetti, C. J. Swasey, E. W. Taylor and M. L. Lynch as sureties, said bond was duly and legally approved. Subsequently on the — day of July, 1891, Thos. Roche died.

"7.    On the — day of November, 1891, administration was granted by the County Court of Tarrant County, Texas, a court having jurisdiction, on the estate of Thos. Roche and the estate of Thos. and Mary A. Roche.

"8.    On the — day of November, 1891, J. J. Roche, who was· by said County Court appointed administrator of the estate of Thos. Roche and of the estates of Thos. and Mary A. Roche, duly qualified as such, giving the statutory bond.

"9.    The appointment of said J. J. Roche was made by the County Court aforesaid in cause No. 1706 on an amended application for letters, the original application having prayed for letters on the estate of Thos. Roche alone, the docket number and style of the docket ·entry was not changed for more than a year thereafter, the number never being changed, the docket entry afterwards being changed from "Estate of Thos. Roche" to "Estate of Thos. and Mary A. Roche."

"10.    The appointment of said J. J. Roche as administrator of said

estates as aforesaid was legal and in all respects proper, both estates being then largely indebted.

"11. The said administration is still pending, having been continued so long on account of litigation and other causes.

"12. Thos. Roche as survivor on his qualification filed his inventory of the community estate showing that he received community property of the value of $235,385, of which $12,500 was exempt property and $2,647 notes due the estate.

"13. J. J. Roche on his qualification as administrator of the estates of Thos. Roche and Thos. and Mary A. Roche filed his inventory as required by law and showed that he received community property of the value of $—— in which inventory was included all of the community property received by Thos. Roche on his qualification as survivor except property of the inventory value of $59,893.34 which included the $2,647 of notes.

"14. That in addition to the foregoing Thos. Roche received from various sales made by him certain amounts in excess of inventory value to-wit: $14,250; money borrowed on mortgages on community property, $18,000, and rents, $11,500, making a total of $43,750.

"15. That at the time of the death of Mrs. Mary A. Roche the community estate was largely indebted, owing largely in excess of $100,000.

"16. That there were debts of the community in existence at the time of the death of Thos. Roche in excess of $100,000.

"17. That there are now in existence and unpaid debts in excess of $100,000 which are valid community debts of the estate of Thos. and Mary A. Roche.

"18. That the estate of Thos. and Mary A. Roche has been administered by J. J. Roche, administrator, under the orders of the County Court of Tarrant County, Texas, and that the remainder of said estate on hand is less than $4,000 with the aforesaid debts unpaid.

"19. That Thos. Roche, survivor, is as against the amounts chargeable against him entitled to credits in excess of $90,000. The exact amount I do not regard as material in view of my other findings.

*Conclusion of law.*—"Under the facts defendants are entitled to judgment."

Judgment was entered by the District Court in favor of the defendants, which judgment was affirmed by the Court of Civil Appeals.

It is contended by the defendants in error (1) that the right of action in this case, if any exists, is in the administrator upon the community estate of Thos. and Mary A. Roche, deceased; (2) that if the plaintiffs, the children of Mary A. Roche, had a right of action upon the bond of Thos. Roche, then it is barred by the statute of limitations.

Upon the death of Mrs. Roche, one-half of the community property of herself and Thos. Roche vested in her children, the plaintiffs in error, subject to the payment of debts against the community estate. (Arts. 1696 and 1697 Rev. Stats.)

Thos. Roche had the choice to administer regularly on his wife's estate or to take charge of the estate as community administrator and

survivor of the community; but, in either case, the property vested in the children at the death of their mother. The execution of the bond and return of the inventory by Thos. Roche did not divest the title out of the children but only provided for paying the debts of the community by a different method than that which was provided for ordinary administrations. The purposes of the administration were the same in both cases, and the rights of the parties in the property were not different no matter in what form the administration was conducted.

The following article of the Revised Statutes prescribes the form of the bond which the law requires Thos. Roche to give: "The surviving husband shall at the same time he returns the inventory, appraisement and list of claims, present to the court his bond with two or more good and sufficient sureties, payable and to be approved by the county judge, in a sum equal to the whole of the value of such community estate as shown by the appraisement, conditioned that he will faithfully administer such community estate, and pay over one-half the surplus thereof after the payment of the debts with which the whole of such property is properly chargeable, to such person or persons as shall be entitled to receive the same." (Art. 2225, Rev. Stats.) When executed, that bond inured to the benefit of the creditors and of the children of Mrs. Roche, and, Thos. Roche having committed a devastavit and died, the right of action on the bond accrued at once to the creditors of the community estate and also to the children of Mrs. Mary A. Roche, · the plaintiffs in error.

When letters of administration were granted to J. J. Roche on the estate of Thos. and Mary A. Roche, his wife, that administrator had the right to bring a suit against the sureties upon the bond of Thos. Roche to recover of them the value of the community property which had been misapplied or squandered by the said Thos. Roche. (Brown v. Seaman, 65 Texas, 628.) Accepting that case as authoritatively deciding the right of the administrator to sue on the bond of his intestate, the attitude of the heirs to this matter was the same as if it had been lands of the community instead of a right of action upon the bond and, as a general rule, the administrator in preference to the heirs would have the right to maintain the action to recover upon the bond. To this general rule, however, there are exceptions—one of which is that, in case the administrator refuse to sue for property belonging to the estate, the heirs may maintain an action to recover it. (Lacy v. Williams, 8 Texas, 187; Patton v. Gregory, 21 Texas, 513.) J. J. Roche became the administrator of the estate on the — day of November, 1891, and the right of action upon the bond of Thos. Roche then existed in favor of the administrator and was barred so far as he was concerned in the year 1895. The children of Mary A. Roche were minors and did not institute this suit until in the year 1903.

In Patton v. Gregory, before cited, our Supreme Court said: "The administrator after the lapse of near six years from the death of the intestate (without effort during that time to protect the interests of the estate) refused to bring suit for this property, and the plaintiffs had but the choice either to bring the action themselves or to rely upon the solvency of the administrator and his bond for redress. . . .

The neglect of an administrator for six years would, perhaps of itself, be sufficient ground for the heirs to sue, and this, in connection with the positive refusal of the administrator to bring the action, we believe to be good ground for an exception to the general rule." In this case the administrator wholly neglected to enforce this bond for twelve years, by which he placed himself in such an attitude that he could not sue. The heirs were put to the choice of relying upon the bond of the administrator, permitting their claim against the sureties to become barred, or to institute the suit. These facts bring the case fairly within the exception established by Patton v. Gregory, and the plaintiffs could maintain this action.

Defendants in error cite Richardson v. Vaughan, 86 Texas, 93, to support their proposition that plaintiffs can not maintain this suit. In that case there was no administration and nothing to prevent it. In this case there was an administrator who had negelected his duty until he could not sue and the only means for preserving their right was for the heirs to sue. This distinction is plain.

This court has recognized the general rule that where a trustee holds the legal title to property and permits the statute of limitations to run against his right of action so that he is barred, the beneficiaries of the trust are thereby likewise barred. (Collins v. McCarty, 68 Texas, 153.) But it is undoubtedly true, as we have before shown, that an administrator upon the estate of a deceased person does not take the legal title to the property of the estate, the legal title being vested in the heirs subject to the payment of debts, therefore the rule stated does not apply to administrators. J. J. Roche, as the administrator of the estate of Thos. and Mary A. Roche, deceased, had the right to sue upon the bond, therefore was barred of his right of action within four years from the date of his qualification as administrator, but under the law of this state, the fact that the administrator is barred does not operate to defeat the action by the heirs themselves. (Collins v. McCarty, supra; Lacy v. Williams, supra; Wiess v. Goodhue, 98 Texas, 274; Ladd v. Jackson, 43 Ga., 288.)

In the case of Lacy v. Williams, this question was squarely made and explicitly decided in a very able opinion by Judge Lipscomb. In that case the testator had by his will bequeathed two negroes to his children, and the executor had permitted other persons to have possession of the negroes during the administration for such length of time that the action of the administrator or executor was barred by the statute of limitations. The heirs brought suit for the negroes and Judge Lipscomb said: "The second ground taken by the appellant is that the right of action, if it ever existed, was barred by the statute of limitations before the commencement of this suit. We are at a loss to conceive how there could have been indulged any hope of success on this point, as the fact is admitted on the record that the plaintiffs are minors, and minors are expressly excepted from the operation of the statute of limitations by the 11th section thereof. . . . It is, however, contended that as the rights of the minors could have been sued for sooner, therefore the statute ought to commence running when the suit could have been com-

menced. To this it is sufficient answer to say that the exception in their favor in the statute contains no such qualification."

In Wiess v. Goodhue, before cited, the mother had made a will in which she bequeathed a part of her property to her children, however giving it in trust to the husband with full power of control and management. The husband permitted adverse possession of the property to exist until his right of action as trustee was barred, and it was claimed on the part of the defense, as it is here, that because the trustee could have sued as trustee to recover the property and was barred, therefore the heirs were barred although they were minors. Upon that phase of the question the court said: "If V. Wiess had the legal title to the land in controversy, and if the facts are such that an action by him was barred by the statute of limitations, this action by the minor children was barred notwithstanding their disability." After discussing the character of Wiess' title, this conclusion is reached: "We conclude that the legal title to one-half of her estate was vested by the will of Mrs. Wiess in her children, and that their action was not barred by the statute of limitations."

The cases of Thomas v. Greer, 6 Texas, 372; and Rindge v. Oliphint, 62 Texas, 682, are referred to as supporting the judgment in this case. In the case of Lacy v. Williams, Judge Lipscomb so clearly distinguished the case of Thomas v. Greer from Lacy v. Williams that it is unnecessary to further notice that case; it is in no sense antagonistic to the doctrine upon which we rest our conclusion.

Rindge v. Oliphint, before cited, is distinguishable from the case at bar and, accepting that decision as a correct expression of the law, it nevertheless has no weight in determining the issue presented here. In that case the cause of action arose during the time of the administration and accrued to the administratrix in her capacity as such, therefore it falls within the general rule announced and upon which that decision was based, that when the legal title of property in question is vested in a trustee, the bar to his right of action will also apply to the right of the beneficiary. In the case at bar the right of action accrued to the minor children upon the death of Thos. Roche and before any administrator was appointed. The administrator had only the right to reduce the property to his possession for the purposes of paying the debts and distributing the surplus among the heirs. Whether correctly decided or not, Rindge v. Oliphint is not in conflict with our conclusion that the fact of the administrator of Thos. Roche being barred of a right to sue upon this bond, did not have the effect to prevent a recovery by the heirs themselves.

It is ordered that the judgments of the District Court and Court of Civil Appeals be reversed and this cause be remanded.

*Reversed and remanded.*