W. P. NEBLETT V. MRS. LILLIAN VALENTINO,
GUARDIAN, ET AL.

No. 6463. Decided April 1, 1936.
Rehearing overruled April 29, 1936.
(92 S. W., 2d Series, 432.)

*W. P. Neblett* and *Walter F. Brown,* both of Houston, for plaintiff in error.

Plaintiff's cause of action was barred by limitation. McAdams v. McAdams, 32 S. W., 87; Brown v. Midland National Bank, 268 S. W., 228; Long v. Cason, 4 Richardson Eq., (S. C.) 60.

*Williams, Lee, Sears & Kennerly,* and *Fred W. Moore,* all of Houston, for defendants in error.

The minor had legal title to the moneys in controversy; consequently her action to recover same was not barred by any delay on the part of her guardian in filing suit. The guardian's powers and obligations are similar to those of a trustee except she did not hold title to the property. Galveston, H. & S. A. Ry. Co. v. Washington, 94 Texas, 510, 63 S. W., 534, and cases cited in the opinion.

MR. JUDGE SMEDLEY delivered the opinion of the Commission of Appeals, Section B.

Defendant in error Mrs. Lillian Valentino, as guardian of the person and estate of Annie Lee Johnson, a minor, and for the use and benefit of the minor, sued plaintiff in error in three alternative counts: first, for debt due the minor by virtue of a contract which defendant in error made with plaintiff in error for the minor's benefit; second, for the recovery of a sum of money belonging to the minor alleged to have been received and wrongfully withheld by plaintiff in error; and third, for damages for alleged fraudulent representations. The jury's verdict exonerated plaintiff in error of the fraud charged, but was otherwise favorable to defendant in error. Judgment was rendered, apparently on the second count in the petition, in favor of defendant in error as guardian against plaintiff in error for the sum of $971.31, with interest thereon at 6% per annum from March 3, 1925, amounting to $1335.25 on the date of the judgment. Plaintiff in error pleaded the two and four years statutes of limitations. The Court of Civil Appeals affirmed the judgment of the trial court, holding in a majority opinion that the fund sued for was placed in the hands of plaintiff in error to be held as trustee for the minor, that the trust was not to end until the money should be paid to defendant in error Mrs. Valentino after she had qualified as guardian, and that limitation did not run against the child, who was at all times under the disability of minority. A dissenting opinion expressed the view that the suit was based upon a written contract made by the guardian with plaintiff in error, and was

therefore barred by the four years statute of limitations. **55** S. W. (2d) 875.

After carefully examining the record and the briefs, we agree with the conclusion reached by the majority of the Court of Civil Appeals.

Mrs. Morse, an aunt of the minor, Annie Lee Johnson, devised to the minor certain improved real estate in the City of Houston, subject to the payment of taxes and other debts against the property, and attempted to appoint defendant in error, the minor's mother, testamentary guardian. Plaintiff in error, as attorney for Mrs. Betty Miller, filed suit against the independent executor of the estate of Mrs. Morse, the minor, Annie Lee Johnson, and Mrs. Valentino, as guardian of the minor, for foreclosure of a lien upon the property securing a note alleged to be owned by Mrs. Miller. The note in fact belonged to W. B. Washam, who was Mrs. Miller's brother and conducted his business in her name.

During the pendency of the suit a written agreement was signed by plaintiff in error and by defendant in error, Mrs. Valentino, purporting to act as guardian of the minor, which provided in substance that plaintiff in error agreed to pay $2700.00 for the minor's property, that in addition to a contemplated deed from the sheriff following foreclosure in the pending suit, Mrs. Valentino, joined by her husband, should execute a deed conveying the property to plaintiff in error, and that Mrs. Valentino as guardian should receive for the property the said sum of $2700.00 after the deduction therefrom of the principal and interest due on Washam's note, the costs of court, certain taxes, and the sum of $100.00 to be paid to plaintiff in error as commission. Plaintiff in error contends that the contract was abandoned by the parties and the facts in evidence support that contention. It was never signed by Mrs. Valentino's husband. No deed was made by Mrs. Valentino and her husband. Plaintiff in error did not buy the property; nor did he make payment of $2700.00. He did not receive or claim the so-called commission of $100.00.

The suit went to judgment and at the sheriff's sale on March 3, 1925, the property was bought by Washam (in the name of Mrs. Miller) for $1169.49, which represented the amount of the judgment with interest and costs of court, including the sheriff's fees for making the sale. After the sale was made and on the same day, Washam, apparently in order to do in a measure what plaintiff in error had agreed to do,

gave to plaintiff in error $1580.91, instructing him to pay the taxes, water, light and other bills against the property and to give the balance to the minor or to the minor's guardian when she qualified by giving bond. Plaintiff in error contends that Washam's instructions to him when he delivered this money to him were to pay the taxes, etc., against the property and to handle the balance for the benefit of the minor as he, plaintiff in error, thought it should be handled or invested. The jury, however, found that such were not Washam's instructions, but that they were that the balance should go to the minor or should be paid to the guardian when she made bond. The finding is supported by Washam's testimony.

Plaintiff in error deposited in a bank the money paid him by Washam and out of it paid taxes and other charges against the property until there remained $971.31. This balance, with interest, is the amount for which the trial court gave judgment. Plaintiff in error admitted in his testimony that he held this balance for the minor, except that he claimed credit for an item of $50.00 paid to a guardian ad litem in the foreclosure suit. The evidence in the record is too vague and indefinite to sustain this claim of credit.

About seven months later plaintiff in error used $625.00 of the balance in his possession in buying a vacant lot in the City of Houston and took the deed in his name in trust for the minor. He also used $137.57 of the balance to pay taxes on that lot and testified on the trial that there remained in his hands of the money belonging to the minor $188.56. It further appears that there is a lien against the lot bought by plaintiff in error securing a paving assessment of $276.00. Neither Mrs. Valentino nor any one else authorized to act for the minor consented to the use of the minor's money in the purchase of the lot. Mrs. Valentino repeatedly demanded that the money be paid to her. Plaintiff in error gave a number of reasons for his retention of the fund; that Washam instructed him to handle and invest it in accordance with his judgment; that Mrs. Valentino had not given bond; and finally, as to the balance left in his hands after buying the lot, that it was necessary for him to hold it in order to pay the taxes which would be assessed against the lot.

■ Plaintiff in error admits that the balance remaining in his hands, after he paid the charges against the property which had been sold by the sheriff, belonged to the minor. In accordance with the jury's verdict, which is supported by Washam's testimony, plaintiff in error had no right to retain that balance

and had no duty to perform in connection with it except to pay it to the guardian after she gave bond. She had given bond prior to the time the money was placed in plaintiff in error's hands by Washam. The jury found that plaintiff in error did not convert the money to his own use. He never claimed it adversely to the minor. He simply retained it when he had no right to do so and, without authority, he invested part of it in property which neither the minor nor her guardian is under obligation to accept. It is true that the jury found that Washam, at about the time plaintiff in error bought the lot for the minor, authorized him to make the purchase, but Washam had no greater authority at that time to direct the investment of the money than plaintiff in error had to invest it. The money became the minor's property in the custody of plaintiff in error when Washam, seven months before the lot was bought, placed it in the hands of plaintiff in error with instructions to deliver it to the minor or to the minor's guardian.

Plaintiff in error's custody of the fund after the charges against the property were paid was an acknowledged and continuing trust, as he always admitted the minor's ownership. His testimony made him in effect a voluntarily constituted guardian for the minor. Under such circumstances his position as against the minor could be no stronger than that of a lawful guardian against his ward. It is settled that the powers and obligations of a guardian are similar to those of a trustee, with the distinction that the guardian does not have title to the ward's property, but has only its custody and management. Collins v. McCarty, 68 Texas, 150, 153, 3 S. W., 730, 2 Am. St. Rep., 475; Shaw v. Dalston, 18 S. W. (2d) 215 (application for writ of error refused); Texas Utilities Companies v. West, 59 S. W. (2d) 459, (application for writ of error refused); 21 Tex. Jur., p. 389, Sec. 118; 28 C. J., 1128. It is because of this distinction that the rule which bars the equitable title of the cestui que trust when the legal title held by the trustee is barred has no application to suits by or for the ward. Title being in the ward and he being under disability of minority, limitation does not run against him. Art. 5535, R. S., 1925; Collins v. McCarty, supra; Belt v. Cetti, 100 Texas, 92, 93 S. W., 1000; Wiess v. Goodhue, 98 Texas, 274, 83 S. W., 178; United States Fidelity & Guaranty Co. v. Adoue & Lobit, 104 Texas, 379, 137 S. W., 648, 138 S. W., 383, 37 L. R. A. (N. S.) 409, Am. Cas. 1914B, 667; Fidelity & Deposit Company v. Risien, 284 S. W., 977, 979; Brown v. Midland National Bank, 268 S. W., 226 (application for writ of error refused). Moreover,

this is a suit in behalf of the minor against one who in his custody of the fund has occupied a position of trust and has not asserted claim to the fund adverse to the minor. Because it is a suit of such nature and because plaintiff in error has not asserted adverse claim, limitation would not have run even if the owner had not been a minor. Collins v. McCarty, 68 Texas, 150, 153-154, 3 S. W., 730, 2 Am. St. Rep., 475; Cole v. Noble, 63 Texas, 432; 21 Tex. Jur., p. 389, Sec. 118; 17 R. C. L., pp. 708-709, Sec. 64.

■ The action alleged in the second count of defendant in error's petition is neither evidenced by nor founded upon the written contract signed by her and plaintiff in error. The cause of action alleged is independent of that contract. It is for the recovery of a fund belonging to the minor which was entrusted temporarily by Washam to the custody of plaintiff in error. Washam was not a party to the written contract. It did not bind or undertake to bind him to buy the property or to make payment for it. His action in placing the money in the hands of plaintiff for the minor was voluntary or was because of some understanding between him and plaintiff in error and was not in the performance of any obligation imposed upon him by the contract. Neither the existence of the contract nor proof of it was essential to or constituted the basis of the suit as alleged in the second count.

■ Plaintiff in error contends that there was no pleading of a trust relationship between him and the minor and that the jury made no finding that he held the fund in trust. The petition alleges in detail the facts and circumstances surrounding the payment to plaintiff in error for the minor and that the money was placed in the hands of plaintiff in error for the minor's benefit and that plaintiff in error, though requested to account to defendant in error for the money and to pay over the same to her for the use and benefit of the minor, had refused to do so. The jury's finding that Washam instructed plaintiff in error to give the balance, after paying charges against the property, to the minor or to the guardian when she made bond and plaintiff in error's admission that he held the balance for the minor conclusively establish the minor's ownership of the fund and support the trial court's judgment. The jury's finding that plaintiff in error did not convert any part of the fund to his own use is in no way inconsistent with the judgment, and affords no ground for denying recovery for the minor of the fund which belonged to her.

■ In view of the argument made that recovery of the full amount of the balance left in the hands of plaintiff in error, after payment of the charges against the property sold on foreclosure, works an injustice to plaintiff in error because part of such balance was used to buy a lot, the beneficial title to which stands of record in the name of the minor, it should be added that the institution of this suit and the entry of judgment herein constitute a refusal to accept the benefit of the unauthorized investment of the minor's funds and an election to hold plaintiff in error responsible for the funds rather than to assert title to the lot.

The judgment of the district court and the Court of Civil Appeals are affirmed.

Opinion adopted by the Supreme Court April 1, 1936.

Rehearing overruled April 29, 1936.