Edward FISHER, et al., Appellants,

v.

SOUTHLAND ROYALTY COMPANY, et al., Appellees.

No. 3089.

Court of Civil Appeals of Texas.

Eastland.

July 23, 1954.

Rehearing Denied Sept. 10, 1954.

Thomas, Thomas & Jones, Big Spring, for appellants.

R. M. Coleman, Ft. Worth, Coffee & Gilliland, Big Spring, Ben G. Smith, Ft. Worth, Stubbeman, McRae & Sealy, Midland, for appellees.

COLLINGS, Justice.

This suit in trespass to try title was brought by Edward Fisher, Albert M. Fisher, Jr., Robert Mayer, Alexander Fisher Mayer and Edith K. Fisher. Plaintiffs claimed to be owners of undivided interests in the lands sued for by reason of an instrument designated as a declaration of trust executed by Lester Fisher on Novem-

ber 22, 1930. Defendants, Southland Royalty Company, a corporation, Elmo Wasson and the Great Southern Life Insurance Company, a corporation, answerd by general denials and pleas of not guilty and the defendants, Elmo Wasson and Great Southern Life Insurance Company also claimed title under the three, five and ten year statutes of limitation and they also claimed improvements in good faith as to that portion of the property sought to be recovered from them. Trial was had before the court without a jury. Judgment was rendered for all defendants that the plaintiffs take nothing and also rendered in favor of defendants Elmo Wasson and Great Southern Life Insurance Company on their cross action. Plaintiffs have brought this appeal.

Based upon the evidence and stipulations agreed upon by the parties, the trial court made findings of fact which were not questioned. The substance of the material facts are that Lester Fisher, now deceased, on November 22, 1930, by an instrument designated as a declaration of trust, created a spendthrift trust for his own benefit, naming his brother, Albert M. Fisher, Sr., trustee, and his brother-in-law, Alexander Mayer, as substitute trustee. In connection with the declaration of trust, Lester Fisher executed warranty deeds to Albert M. Fisher, trustee, conveying all lands here in controversy. The declaration of trust referred to the above mentioned warranty deeds and had attached a schedule of property describing the same lands and property set out in the deeds, and affirmed the conveyance to Albert M. Fisher, trustee, of full title thereto. The declaration of trust provided:

"The Trust Estate herein created shall exist for a period of time extending to one year after my natural life; and Albert M. Fisher is hereby constituted and appointed as the Trustee for the Estate herein created, with the powers and authority hereinafter set out."

The trust was expressly made irrevocable and gave the trustee power to sell, convey, mortgage, dispose of, receipt for and in any manner whatever, handle, control and manage in the same manner as if the trustee held and owned all the property as his own individual property and estate and as fully and completely as if the grantor, Lester Fisher, were acting for himself. The instrument recited that Lester Fisher "hereby forever releases complete control, management, title and ownership of the said property unto said trustee."

By the terms of the trust, Lester Fisher was to be paid a certain sum out of the rents and revenues from the property. The instrument further provided:

"For and in consideration of brotherly and sisterly love, and other valuable consideration heretofore and now at this time received, from the said Albert M. Fisher and Zadee F. Mayer I hereby, in this instrument, do dispose of the residue of this Trust Estate, and direct that at the end and termination of the Trust period, that is at the expiration of one year after the natural life of myself, the undersigned, I direct that one-half of the residue be conveyed, to, set apart for Zadee F. Mayer, my sister, and the other one-half of the said Trust Estate be conveyed to, set apart and partitioned for Albert M. Fisher, my brother, and the disposition as to each of these two persons shall be to them as stated and their heirs, respectively, to the effect that in case of either of the beneficiaries named, were to preceed my deceased, then the heirs of such heir that might preceed my decease shall take and share accordingly to the law of distribution at the end or termination of this Trust Estate, of such named deceased beneficiary."

On August 5, 1933, Lester Fisher instituted proceedings in the District Court of Howard County against Albert M. Fisher, individually and as trustee, and Zadee F. Mayer and Alexander Mayer in Cause No. 2281 on the docket of said court to cancel and set aside such declaration of trust and the deeds executed in connection therewith on the ground that he lacked mental capacity at the time he executed same. Defendants answered and upon a trial at which

witnesses were called and examined, Lester Fisher was, on September 19, 1933, granted judgment finding that he was insane and without legal capacity at the time he created the trust and was sane at the time of the judgment cancelling the trust and revoking the deeds executed in connection therewith. No appeal was taken from this judgment.

On April 3, 1944, Lester Fisher executed two mineral deeds to the Southland Royalty Company, conveying the mineral interests here in controversy and which had been conveyed by Lester Fisher to Albert Mayer Fisher by the deeds executed in connection with the declaration of trust and recovered by him in said Cause No. 2281.

On March 14, 1947, Lester Fisher executed a deed of trust covering Lots 11 and 12, Block 12, Original Town of Big Spring, Howard County, Texas, securing an indebtedness of $40,000 to the Great Southern Life Insurance Company, which property was also included in the trust and covered by the judgment in Cause No. 2281. On November 16, 1948, Lester Fisher conveyed by warranty deed to Elmo Wasson the property covered by the above mentioned deed of trust.

Albert M. Fisher, Sr., trustee, and a beneficiary named in the declaration of trust, died on August 5, 1938 and Zadee F. Mayer, also a beneficiary of the trust, died in April, 1949. Such beneficiaries were half-brother and half-sister, respectively, of the said Lester Fisher. Lester Fisher died on February 27, 1951.

Appellants, who were plaintiffs herein, are heirs of Albert M. Fisher, Sr., and Zadee F. Mayer and also the only heirs of Lester Fisher.

The controversy here involved concerns the necessity of appellants as such heirs being made parties to Cause No. 2281 in which the trust was declared terminated and the corpus of the trust estate returned to Lester Fisher.

It is contended in appellants' second point that the court erred in holding that none of the appellants were indispensable, necessary or proper parties to the suit in Cause No. 2281.

Appellants' claims are based upon the terms of the declaration of trust and the deeds executed in connection therewith by Lester Fisher to Albert M. Fisher, Sr., trustee. Appellants are not mentioned by name in the trust instrument. The legal title to the property involved was by such instrument and supporting deeds conveyed to Albert M. Fisher, Sr., trustee. The equitable title to such property was vested in Lester Fisher during his life and the residue after his death was to be divided in equal parts, one-half each to Albert M. Fisher, Sr., and Zadee F. Mayer. By the terms of the trust instrument, a conveyance of the fee simple title to the residue of the trust estate was directed at the end of the trust period to be made to Albert M. Fisher, Sr., and to Zadee F. Mayer, if living.

Appellants are the heirs of Albert M. Fisher, Sr., and Zadee F. Mayer. Any interest which they as heirs may have acquired in the property of the trust estate must be based upon the following language of the declaration of trust:

"* * * and the disposition as to each of these two persons (Albert M. Fisher, Sr. and Zadee F. Mayer) shall be to them as stated and their heirs, respectively, to the effect that in case of either of the beneficiaries named, were to preceed my deceased, then the heirs of such heir that might preceed my decease shall take and share accordingly to the law of distribution at the end or termination of this Trust Estate, of such named deceased beneficiary."

Appellants acquired no interest, vested or otherwise, in the trust property at the time of the execution of the trust instrument. They had no such interest at the time Lester Fisher instituted suit to set the trust instrument aside, nor did they have such an interest on September 19, 1933, when the judgment under attack was entered. At the times mentioned, appellants expected to be the heirs of Albert M. Fish-

er, Sr. and of Zadee F. Mayer and their rights or interests, if any, in the trust estate were contingent future interests and not present interests of any kind. The contingencies were that if Albert M. Fisher, Sr. should die before Lester Fisher, then the heirs of Albert M. Fisher, Sr. would, at the termination of the trust estate, take the share of Albert M. Fisher, Sr. according to the laws of descent and distribution; that if Zadee F. Mayer should die before Lester Fisher, then her heirs would likewise take her share of the estate at the termination of the trust period. By the terms of the instrument, the heirs of Albert M. Fisher, Sr. and Zadee F. Mayer would have no vested interest in the property of the estate unless and until Albert M. Fisher, Sr. and/or Zadee F. Mayer should die prior to the death of Lester Fisher.

■ For another reason, appellants did not and could not have a vested interest in the trust estate at the times mentioned or at any time prior to the death of Albert M. Fisher, Sr. and/or Zadee F. Mayer. The right or interest of any appellant under the trust instrument was as an heir of either Albert M. Fisher, Sr. or Zadee F. Mayer, who had no heirs prior to their death. A living person can have no heirs and a conveyance of a present estate to the heirs of a living person is void for uncertainty. Vineyard v. Heard, Tex.Civ.App., 167 S.W. 22, affirmed Tex.Com.App., 212 S.W. 489; Templeman v. McFerrin, Tex.Civ.App., 113 S.W. 333, affirmed 102 Tex. 530, 120 S.W. 167; Spaulding v. Higgs, Tex.Civ.App., 254 S.W.2d 208 (Ref.N.R.E.); Davis v. First National Bank of Waco, 139 Tex. 36, 161 S.W.2d 467, 144 A.L.R. 1.

Since a living person can have no heirs it was impossible to know at the time.of the suit or judgment in 1933 who, if any one, would be the heirs of Albert M. Fisher, Sr. and Zadee F. Mayer. At such times the identity of the heirs of Albert M. Fisher, Sr. and Zadee F. Mayer was uncertain and the interest of such heirs to be, if any, was a contingent future interest.

Albert M. Fisher, Sr. as trustee, was made a party to the suit to cancel and set aside the trust instrument. Albert M. Fisher, Sr., and Zadee F. Mayer, individually, who were the first class of beneficiaries under the trust and who were specifically named therein, were also made parties. It thus appears that the trustee and all specifically named and known beneficiaries of the trust were made parties to the suit. The second class of beneficiaries was stated to be the heirs of Albert M. Fisher, Sr. and the heirs of Zadee F. Mayer. At the time of the suit to cancel the trust, there were no heirs of Albert M. Fisher, Sr. or of Zadee F. Mayer, and there was uncertainty as to the existence of or identity of their future heirs. The interests of such unknown or uncertain heirs were contingent upon the death of their ancestors before the death of Lester Fisher. There was no conflict between the interest of Albert M. Fisher, Sr. and Zadee F. Mayer and the interest of their heirs. The issues presented and decided in the 1933 suit and judgment were common to and affected alike the interests of Albert M. Fisher, Sr. and Zadee F. Mayer and their heirs. Albert M. Fisher, Sr. and Zadee F. Mayer had every reason to protect the interest of their heirs in such suit and had no reason to fail to do so. They were bound not only by their love and affection as ancestors but also by their common interest in the outcome of the suit. To protect their own interest they must necessarily protect the interest of their heirs who would take only in case of their death. There was no evidence and it is not contended that there was any fraud or collusion. It is stated in 39 Am.Jur. 925, that:

"* * * persons who are in esse but who are not ascertained because their interest is contingent, or merely expectant, may be represented by the trustee or by the predecessor in title.

* * * * * *

"* * * persons in being having an interest in the property may be regarded as representing those coming after them with contingent interest who, when they come into being, are considered bound by the judgment against those representing them. The tenant of the first estate, or the party in

being having a vested interest virtually represents the subsequent estates, because he has such a common interest with other parties in defending that he can be depended upon to bring forward the merits of the controversy as a protection to his own interest in a like manner as would the omitted persons if they were present."

In our opinion, the trial court did not err in holding that appellants were not necessary parties in Cause No. 2281. At the time of such suit and judgment, appellants were not heirs of Albert M. Fisher, Sr. and Zadee F. Mayer, who were then living persons and, therefore, had no heirs.

■ The unknown, unborn or expectant heirs of Albert M. Fisher, Sr., and Zadee F. Mayer, at the time of such suit and judgment, were virtually represented therein by their ancestors and bound by the judgment. Robertson v. Hert's Adm'rs, 312 Ky. 405, 227 S.W.2d 899; Collins v. Crawford, 214 Mo. 167, 112 S.W. 538; Mathews v. Lightner, 85 Minn. 333, 88 N.W. 992.

The business property situated in the City of Big Spring and known as the Lester Fisher Building, is held by Elmo Wasson under a warranty deed from Lester Fisher, dated November 16, 1948, subject to a deed of trust lien dated April 14, 1947 also executed by Lester Fisher in favor of Great Southern Life Insurance Company. Elmo Wasson and Great Southern Life Insurance Company plead the three, five and ten year statutes of limitation as an alternative defense to plaintiffs' suit for such property. It was stipulated and found by the court that there was open and notorious possession, use, occupancy and claim of ownership of such property by Lester Fisher from the date of the judgment on September 19, 1933 until his sale of the property to Elmo Wasson, and that, thereafter, until suit was brought, Elmo Wasson held such property under his deed with the same type of claim, possession and use. It was further found by the court that Lester Fisher and Elmo Wasson, during all the time they so used, occupied and claimed such property, paid all taxes thereon as

they became due and before they became delinquent.

■ It is contended by appellants that the court erred in holding their cause of action was barred by the three, five and ten year statutes of limitation. They urge that even if the possession, use and claim of Lester Fisher constitutes a bar to the rights of Albert M. Fisher, Sr., as a trustee and of Albert M. Fisher, Sr., and Zadee F. Mayer as beneficiaries, that there was still no adverse possession against the interest and claim of appellants.

It is our opinion that if appellants ever acquired any interest in the property in question under the declaration of trust, it was barred by the three, five and ten year statutes of limitation and that the court did not err in so holding. In Tex.Jur. (10 Year Supp.) Vol. 1, page 173, it is stated as follows:

"The rule is uniformly recognized that title by adverse possession may be acquired to property held in trust, and that if a trustee delays the assertion of his rights until the statute effects a bar against him, the cestui que trust will also be barred.

* * * * * *

"The rule that where a trustee holding the legal title is barred by adverse possession from asserting his rights in the trust estate, the cestui que trust is also barred, is equally applicable whether cestui que trust is sui juris, or is laboring under a disability such as coverture, infancy, insanity, or the like."

The following cases state or recognize the rule as above set out. Barrera v. Gannaway, 130 Tex. 142, 105 S.W.2d 876; Collins v. McCarty, 68 Tex. 150, 3 S.W. 730; Wiess v. Goodhue, 98 Tex. 274, 83 S.W. 178; Belt v. Cetti, 100 Tex. 92, 97, 93 S.W. 1000; Broussard Trust, v. Perryman, Tex.Civ.App., 134 S.W.2d 308; Appel v. Childress, 53 Tex.Civ.App. 607, 116 S.W. 129.

■ Appellants, as we understand, concede this to be the rule but contend that it

682

does not apply to the facts of this case. It is their contention that Albert M. Fisher, Sr., as trustee, was not vested with full legal title to the property of the trust estate; that his title as trustee was for the life of Lester Fisher, only, and that the adverse possessor acquired only the title or interest vested in the trustee, which was confined to the life of Lester Fisher. Appellants cite and rely upon the case of Johnston v. Stinson, Tex. Civ.App., 215 S.W.2d 218 (Ref. N.R.E.), in which the devise under a will was to the trustee of "an estate for and during the life of" the beneficiary with the remainder to his children. The cited case is plainly distinguishable from the instant case. The conveyance of the property in question to Albert M. Fisher, trustee, was in the form of a warranty deed and vested in him as trustee full legal title to the property involved. His title was not limited by the deed to an estate for the life of Lester Fisher or to any estate less than full legal title. The declaration of trust did not limit the legal title conveyed to Albert M. Fisher, Sr., trustee, by the warranty deed. The instrument provides that the trustee "shall have the full title and possession of each and all of the property herein," and that the trustee "forever releases complete control, management, title and ownership to the said property unto the trustee and his successor, if any, forever," subject to the trust provision for the equitable interest provided for the beneficiaries. The trustee was provided in the trust instrument with full power to control, sell or dispose of the property as if it were the individual property of the trustee. This power could be exercised only by one who had full legal title. The trustee was directed, in effect, to convey the title to the residue of the trust property to the beneficiaries at the end of the trust period. The exercise of this power required full legal title to the property. It is also to be noted that the end of the trust period was at the expiration of one year after the death of Lester Fisher and not at his death. In our opinion, the direction to convey the residue of the trust estate to the beneficiaries one year after the death of Lester Fisher did not have the effect of limiting the estate of the trustee to a life estate or to any estate less than full legal title to the land. The provision simply directed or instructed the trustee what to do with the full legal title with which he was vested.

The trustee, Albert M. Fisher, Sr., and in case of his death, and the substitute trustee, Alexander Mayer, were granted full legal title to the property of the trust estate and the adverse possession of Lester Fisher and of Elmo Wasson was sufficient to constitute a bar to any claim or interest, if any, that they as trustees might have had in such property after the 1933 judgment. It follows, under the rule announced in the cases and authorities heretofore cited, that any claim or interest which appellees might have acquired under the trust instrument was also barred.

The judgment of the trial court is affirmed.

(The opinion dated May 7, 1954 is withdrawn and this opinion is substituted therefor).